**Donald Lee KENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–90–0143–CR.**

Court of Appeals of Texas, Amarillo.

May 13, 1991.

Rehearing Overruled June 11, 1991.

Donald Lee Kent, pro se.

Stephen F. Cross, Dist. Atty., Borger, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Donald Lee Kent attacks the revocation of his probation by point-of-error contentions that (1) the State failed to prove he was the same person placed on probation; (2) the trial court erred in taking judicial notice of, and whether he understood, the conditions of probation; and (3) the court abused its discretion in revoking probation for the violation alleged. The three points of error will be overruled and the judgment will be affirmed.

A jury found appellant guilty of the offense of murder, assessed his punishment at confinement for 10 years and a fine of $5,000, and recommended probation. The court, following the recommendation of the jury, suspended the imposition of sentence and placed appellant on probation upon specified conditions, the first of which was that he commit no offense against the law of this State or of any other State or of the United States. Later, the court, finding that appellant had violated the first condition of his probation, revoked his probation and imposed a sentence of confinement for 10 years.

■ Addressed as a threshold matter is appellant's pro se request for a delay of the decision in his appeal. Appellant was represented by retained counsel, David M. Green, at the revocation hearing, in the perfection of the appeal, and in the filing of appellant's brief with a request for oral argument. After the State filed its reply brief without requesting oral argument, appellant's counsel moved, with notice to appellant, to withdraw because appellant, after "numerous and reasonable warnings," had failed to fulfill his financial obligations to counsel. Appellant did not respond to this Court's notice of the filing of the withdrawal motion. Tex.R.App.P. 19(c) & (e).

Thereafter, appellant was notified that the withdrawal motion was granted, and that he was allowed a period of 30 days to employ new counsel, after which the appeal would be subject to being set for submission. Absent any response to the notification, the appeal was regularly set for submission on May 6, 1991, and appellant was given notice of the setting. Tex.R.App.P. 76.

On May 2, 1991, there was received appellant's May 1 letter which, omitting the formal parts, stated:

> I Donald Lee Kent, had a conversation today, 5/1/91, with my attorney, David M. Green. Mr. Green advised me to write a letter to the court explaining that because of financial obligations and work, neither he nor I will be able to appear on Monday, May 6th. I would like to ask the court for a continuance for a later date. I am very concerned about this matter. Mr. Green will be representing me as soon as I can get my previous balance to him paid. He will be in contact with you. Thank you for your consideration.

Mr. Green has not contacted the Court.

This Court is committed to the rule that appeals in criminal cases will be heard and determined at the earliest time, with due regard to the rights of the parties and proper administration of justice. Tex.R. App.P. 78. The commitment to the earliest disposition is tempered if a reasonable delay is shown to be necessary to obtain a just, fair, equitable and impartial adjudication of the contentions of the parties under established principles of substantive law. However, the commitment is not to be ab-

rogated by a mere request for delay since it is recognized that:

> Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility.

*Southern Pacific Transp. Co. v. Stoot,* 530 S.W.2d 930, 931 (Tex.1975).

The application of these criteria to appellant's request makes it at once apparent that the request falls far short of justifying a delay in the resolution of the appeal. The request does not contain a reasonable explanation of a necessity "for a continuance for a later date." There is no assurance that appellant's financial obligation to Mr. Green, which was not discharged in the past, will be satisfied in the future; there is no designation of the duration of the continuance requested; and there is no indication that a continuance would enhance the presentation of the fully briefed contentions raised on appeal.

These circumstances, coupled with the evaluation that oral argument will not materially aid in the determination of the issues presented, dictate that appellant's request for the continuance be, and it is, overruled. Accordingly, the appeal is submitted on the briefs.

■ In reply to appellant's initial contention that the State failed to prove that he was the same person who was placed on probation in the trial court's cause no. 200, the State represents that he did not make identity an issue in the trial court proceedings and, thus, is precluded from raising the issue on appeal. *Barrow v. State,* 505 S.W.2d 808, 811 (Tex.Cr.App.1974); *Hillburn v. State,* 627 S.W.2d 546, 549 (Tex. App.—Amarillo 1982, no pet'n). However, it is noticed that after the close of evidence, appellant's counsel, in moving for a dismissal of the motion to revoke probation, ar-

gued to the court that the State had failed to prove the identity issue in that it failed to prove appellant is the same person who was placed on probation in cause no. 200. Therefore, appellant's first point of error will be addressed.

The record shows that the trial judge who granted appellant probation in cause no. 200 was the same judge who revoked appellant's probation in the same cause. The judge was requested to and, absent an objection, did take judicial notice of the official court file and previous hearings. At the commencement of the revocation hearing, the following was recorded:

> THE COURT: The Court is calling for trial Cause No. 200, on the State's Motion to Revoke Probation filed at 4:54 p.m. on April 12, 1990, styled the State of Texas v. Donald Lee Kent. Are you Donald Lee Kent?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Is the State ready on the State's Motion to Revoke Probation?
>
> MR. CARPER: The State is ready.
>
> THE COURT: Is the Defense ready?
>
> MR. GREEN: Defense is ready.
>
> THE COURT: Mr. Kent, are you familiar with the contentions of the State's Motion to Revoke your probation?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Counsel, as counsel for the defendant, have you had adequate opportunity to fully review the motion and acquaint yourself with the matters therein?
>
> MR. GREEN: I have, Your Honor.
>
> THE COURT: Mr. Kent, are you ready to proceed with this hearing?
>
> DEFENDANT: Yes, sir.

Thus, by his own admission, appellant, without making his identity an issue, identified himself as the defendant in cause no. 200, the proceedings which were at issue in the revocation of probation hearing, and of which the court took judicial knowledge. *Pettit v. State,* 662 S.W.2d 427, 429 (Tex. App.—Corpus Christi 1983, pet'n ref'd). Then, without pausing to consider other evidence the State recites to prove identity, it follows that the trial court did not err in

revoking appellant's probation on the contention of a lack of proof of identity. Appellant's first point of error is overruled.

■ Next, appellant contends the court abused its discretion in taking judicial notice of his conditions of probation and whether the conditions were explained to him and he understood them. With regard to judicial notice, the court was required to take judicial notice of the contents of the file in cause no. 200 when the State requested it do so without objection. Tex.R. Crim.Evid. 201. Hence, the court correctly noticed the conditions of appellant's probation. *Holloway v. State*, 666 S.W.2d 104, 108–09 (Tex.Cr.App.1984). The chief probation officer, whose office initially processed appellant, testified, without challenge or contradiction, that appellant knew and understood the conditions of his probation. Appellant's second point of error is overruled.

■ In moving to revoke appellant's probation, the State alleged, and the trial court found, that appellant had violated the first condition of his probation by committing offenses against the law of this State. The law offended was section 16.02(b), Texas Penal Code Annotated (Vernon Supp.1991), which, as material to the State's allegations and evidence, declares:

Except as specifically provided by Subsection (c) of this section, a person commits an offense if he:

(1) intentionally intercepts, endeavors to intercept, or procures another person to intercept or endeavor to intercept a wire, oral, or electronic communication;

\* \* \* \* \* \*

(4) knowingly or intentionally effects a covert entry for the purpose of intercepting wire, oral, or electronic communications without court order or authorization; or

(5) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when the device:

(A) is affixed to, or otherwise transmits a signal through a wire, cable, or other connection used in wire communications. . . .

None of the exceptions specifically provided by subsection (c) of section 16.02 has been invoked.

The State's evidence reveals, in brief, that appellant induced Jack Penland to place, by a clandestine entry into Contel Telephone Company's offices, an unauthorized interceptive device on the home telephone line of appellant's wife. In this manner, the wife's telephone would also ring on appellant's telephone at his trucking barn, located one-half mile from the home, where appellant could hear and record his wife's telephone conversations. As a result, appellant was able to use his telephone at the barn to listen to his wife's conversations, but not record them, because, for some unknown reason, the attached recording machine did not work.

Appellant does not challenge the State's proof per se; instead, he contends that the facts do not constitute a violation of section 16.02(b). There was no violation, he argues, since section 16.02(b) is copied from 18 U.S.C. § 2511, a section of the so-called Federal Wiretap Statute, which *Simpson v. Simpson*, 490 F.2d 803 (5th Cir.), *cert. denied*, 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), held was not intended to make it a crime or a civil cause of action for a person to intercept family members' telephone conversations by use of an extension phone. He concludes that the facts in his prosecution are significantly similar to those in *Simpson* to warrant the application of the *Simpson* rationale to section 16.02(b).

Despite appellant's conclusion, the facts developed in his hearing are significantly dissimilar to those in *Simpson*. In *Simpson*, the husband attached a device for tapping and recording telephone conversations to phone lines within the home, thereby intercepting conversations between his wife and another man. After the parties were divorced, the ex-wife sued the ex-husband to recover civil penalties provided in the Federal Act.

The *Simpson* court, albeit expressing doubt, gave a negative answer to the question whether the husband's interception, by use of electronic equipment, of his wife's conversations with a third party over the

telephone in the marital home was included in the Federal statutory proscription. 490 F.2d at 804. In so answering the question, the court opined that Congress did not intend the Act to extend into the area of the marital home and domestic conflicts, which is normally left to the states. *Id.* at 805. More markedly, the *Simpson* court, reiterating its doubt, limited its decision to the specific facts of the case, pointing out that no person other than the husband was involved and that the *locus in quo* of the wiretap did not extend beyond the marital home of the parties. *Id.* at 810.

The limitation of the decision negates its application to the different facts established by the State in the revocation hearing. Moreover, it has been noted that the *Simpson* court created an exception not found in the Act itself, *Turner v. PV Intern. Corp.,* 765 S.W.2d 455, 470 (Tex.App. —Dallas 1988), writ denied, 778 S.W.2d 865 (Tex.1989), and that the holding has been both followed and repudiated by other Federal Courts. *Id.* at 469 n. 7.

In any event, the *Simpson* rationale is inappropriate to this appeal, for the language of section 16.02(b) clearly prohibits *all* wiretapping except in circumstances specifically listed in subsection (c). The specification of exceptions makes plain the legislative intent that the statute should apply in all circumstances not excepted. *State v. Richards,* 157 Tex. 166, 301 S.W.2d 597, 600 (1957). Since none of the exceptions include interspousal wiretaps, it cannot be said that intentional and nonconsensual wiretapping between spouses is excepted from the operation of the statute.

Then, because the unchallenged evidence showed that appellant had committed an offense denounced by section 16.02(b), thereby violating the first condition of his probation, the trial court did not abuse its discretion in revoking his probation. *Lamas v. State,* 482 S.W.2d 203, 204 (Tex.Cr. App.1972). Appellant's third point of error is overruled.

The judgment is affirmed.