NO. 07-00-0305-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 13, 2001

______________________________

FRANCISCO JAVIER OLVERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 263
RD
 DISTRICT COURT OF HARRIS COUNTY;

NO. 824785; HONORABLE JIM WALLACE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Francisco Javier Olvera appeals from his conviction and sentence for possession of marijuana, 5-50 pounds.  We dismiss for lack of jurisdiction. 

On April 6, 2000, pursuant to a plea bargain, appellant pled guilty to the charge of possession of marijuana, 5-50 pounds, in the 263rd
  
District Court of Harris County, Texas.  The trial court honored the plea bargain and sentenced appellant to incarceration in the Texas Department of Criminal Justice-Institutional Division, for five years.  

Acting 
pro se
, appellant filed a general 
notice of appeal.  The trial court appointed appellate counsel, who has filed a Motion to Withdraw and a Brief in Support thereof.  In support of the motion to withdraw, counsel has certified that, in compliance with 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated.  Counsel concludes that the appeal is without merit.  Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or  judgment.  
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).   

Counsel has attached exhibits showing that a copy of the 
Anders
 brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant’s right to review the record and file a response to counsel’s motion and brief.  The clerk of this court has likewise advised appellant of his right to file a response to counsel’s motion and 
Anders
 brief.  Appellant has not filed a response.

To perfect appeal from a judgment which was rendered on the defendant’s plea of guilty or 
nolo contendere
, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal.  
Tex. R. App. P.
 25.2(b)(3).  Dismissal of an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal is proper to perfect appeal as to the issue or matter, 
see
 
Lyon v. State
, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record. 
See
 
Sherman v. State
, 12 S.W.3d 489, 492 (Tex.App.–Dallas 1999, no pet.).  In other words, if TRAP 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with TRAP 25.2(b)(3) is required as to both form and substance.  
Id
. 

Subsequent to the time appellant filed his general notice of appeal and appointed counsel filed his 
Anders
 brief, the Court of Criminal Appeals held that a plea-bargaining defendant such as appellant may not appeal the voluntariness of the plea.  
See
 
Cooper v. State
, 45 S.W.3d 77 (Tex.Crim.App. 2001).  
Because appellant, thus, cannot question the voluntariness of his plea based on his general notice of appeal, and because his notice of appeal does not state that his appeal (1) involves an overruled, written pre-trial motion, 
(2) is based on permission of the trial court or (3) is for a jurisdictional defect, appellant has not invoked our appellate jurisdiction
 and we must dismiss the appeal.  
See
 
Sherman
, 12 S.W.3d at 492.
  

Accordingly, the appeal is dismissed for lack of jurisdiction.  
See
 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  
Because we have no jurisdiction over the appeal except to dismiss it,
 
see
 
id
., we cannot and do not consider appellate counsel’s Motion to Withdraw.    

Phil Johnson

    Justice

Do not publish.  
abuse of discretion review.  
See Allbright v. State
, 13 S.W.3d 817, 818 (Tex.App.–Fort Worth 2000, pet. ref’d).  Point of error two is overruled.

Denial of Motion for Instructed Verdict 

In asserting the State failed to meet its burden of proof and that his motion for instructed verdict should have been granted, Appellant contends there is no testimony from anyone who was present when he was placed on community supervision nor any fingerprint evidence to establish his identity.  We disagree.

At a revocation hearing, the State is obligated to establish the defendant’s identity by a preponderance of the evidence.  
Cobb
, 851 S.W.2d at 874.  In this case, the following colloquy occurred at the commencement of the hearing on the State’s motion to adjudicate:

Court:  All right, this is Cause No. 10,844, The State of Texas versus Nicholas Heath Newton.  Is the State ready?

[Prosecutor]: State’s ready, Your Honor.

[Defense counsel]:  Yes, Your Honor, we’re ready.

Court: All right.   Sir, would you stand up for me?

[Defendant]:  Yes, sir.

Court:  Is your true name Nicholas Heath Newton?

[Defendant]:  Yes, sir.

Court:  Mr. Newton, we’re here today on a motion filed by the State which is a motion to proceed with the adjudication of guilt.  You’ve been served with that motion, have you not?

[Defendant]:  Yes, sir.

The trial court then read both allegations contained in the State’s motion to which Appellant entered pleas of not true.

The State’s first witness, a community supervision officer, testified that he had seen Appellant once in his office and that the department director was actually supervising Appellant’s case.  Two other witnesses testified about the alleged violations of the conditions of community supervision.  The State then rested and requested the trial court to take judicial notice of the file in cause number 10,844 and the order deferring adjudication contained in the file reflecting Appellant’s and his defense counsel’s initials on each and every condition of community supervision.  The trial court took judicial notice without objection.

Appellant immediately moved for an instructed verdict on the basis of lack of testimony or fingerprint evidence to show he was the same person that was placed on deferred adjudication community supervision as alleged in the State’s motion.  The motion was overruled.

The record shows that the same judge who placed Appellant on community supervision on November 19, 2007, revoked community supervision just four months later. In the colloquy at the commencement of the hearing, Appellant, by his own admission identified himself as the defendant in cause number 10,844.  He did not make identity an issue until after the State rested.  

This case is very similar to 
Kent v. State
, 809 S.W.2d 664 (Tex.App.–Amarillo 1991, pet. ref’d).  In 
Kent
, the same judge who placed the defendant on probation later revoked probation and took judicial notice of the file and previous hearings.  
Id
. at 666.  The defendant moved for dismissal arguing that the State had failed to prove he was the same person who was placed on probation.  
Id.
  The appellate court found that the defendant identified himself at the commencement of the revocation hearing by acknowledging the contents of the State’s motion to revoke and by announcing ready. 
 See id.  See also Adkison v. State
, 762 S.W.2d 255, 261 (Tex.App.–Beaumont 1988, pet. ref’d).
 
 

In this case, Appellant went a step further in identifying himself by acknowledging his true name was Nicholas Heath Newton when questioned by the trial court.  We conclude the trial court did not abuse its discretion in determining the State had established, by at least a preponderance of the evidence, that Appellant was the individual originally placed on community supervision in cause number 10,844.  We further conclude the trial court did not abuse its discretion in denying his motion for instructed verdict based on lack of proof of identity and in revoking Appellant’s community supervision.  Point of error one is overruled. 

Having overruled both points of error, the trial court’s judgment is affirmed.

Patrick A. Pirtle

      Justice

Do not publish.