NO. 07-02-0107-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 10, 2002



______________________________




GLENDA FORD, AS NEXT FRIEND OF CEDRICK LENARD WILLIAMS, APPELLANT



V.



CITY OF LUBBOCK, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-560,025; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Glenda Ford, as next friend of Cedrick Lenard Williams, appeals from a
take-nothing judgment in favor of appellee, City of Lubbock, in her action seeking damages
as a result of the drowning death of her son in a swimming pool owned and operated by
appellee. The order of dismissal was entered as a result of a plea to the jurisdiction filed
by appellee. 

 We now have before us appellee's motion to dismiss the appeal for the reason that
the notice of appeal was not timely filed. The order was signed on November 30, 2001. 
On December 19, 2001, appellant filed a request for findings of fact and conclusions of
law. On January 18, 2002, she filed a notice of past due findings of fact and conclusions
of law. However, the trial court apparently never entered any such findings and
conclusions. Notice of appeal was filed on February 27, 2002. 

 Rule 26.1 of the Rules of Appellate Procedure provides in relevant part:

 The notice of appeal must be filed within 30 days after the judgment is
signed, except as follows:


 (a) the notice of appeal must be filed within 90 days after the judgment is
signed if any party timely files:


 * * *


 (4) a request for findings of fact and conclusions of law if findings and
conclusions either are required by the Rules of Civil Procedure or, if notrequired, could properly be considered by the appellate court; . . . .


Tex. R. App. P. 26.1(a). It is appellee's contention that findings of fact and conclusions
of law are not required in this case and could not properly be considered by this court,
thereby failing to extend the deadline for filing the notice of appeal. The basis for this
contention is that the plea to the jurisdiction was granted as a matter of law without an
evidentiary hearing where witnesses testified. 

 Appellant responds that the trial court may consider evidence in ruling on a plea to
the jurisdiction and, because the trial court considered affidavits and deposition testimony
attached to the plea and her response, there was, in effect, an evidentiary hearing. Thus,
since the judgment was based in part on evidence, findings of fact and conclusions of law
could properly be considered by the appellate court.

 In support of its motion to dismiss, appellee cites IKB Industries (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440 (Tex. 1997). That case was based on an interpretation of the
prior version of Rule 26.1 (Rule of Appellate Procedure 41(a)(1)) which provided that a
timely filed request for findings of fact and conclusions of law extends the deadline for
perfecting an appeal from 30 to 90 days after the judgment is signed in a case tried without
a jury. The court held that a request for findings of fact and conclusions of law does not
extend the appellate deadline when findings and conclusions have no purpose and should
not be requested, made, or considered on appeal. Id. at 443. Examples given by that
court were summary judgment, judgment after directed verdict, judgment non obstante
veredicto, default judgment awarding liquidated damages, dismissal for want of
prosecution without an evidentiary hearing, dismissal for want of jurisdiction without an
evidentiary hearing, dismissal based on pleadings or special exceptions and any judgment
rendered without an evidentiary hearing. Id. 

 Appellant argues that it is appropriate for the court to hold an evidentiary hearing
on a plea to the jurisdiction, and we agree that it has been recognized that there may be
instances in which the consideration of factual evidence is appropriate. See Bland
Independent School Dist. v. Blue, 34 S.W.3d 547, 554-55 (Tex. 2000). It has also been
held that the consideration of stipulated evidence can constitute a "trial." See Davis v.
State, 904 S.W.2d 946, 949 (Tex.App.--Austin 1995, no writ). 

 In this instance, the plea to jurisdiction was based on the fact that sovereign
immunity has been waived under the Texas Tort Claims Act only when negligent conduct
involves a condition or use of tangible personal or real property if the government unit
would, if it were a private person, be liable to the claimant under the law. Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(2) (Vernon 1997). In its first plea to the jurisdiction, appellee
claimed there were no allegations in the pleadings as to condition or use of property. 
Appellee attached to its plea portions of appellant's deposition stating no equipment was
used, and the affidavit of Weldon Maples, who enumerated the type of safety equipment
kept at city pools. Appellant then filed a second amended petition asserting that the
telephone at the pool was misused by a lifeguard, who was ordering pizza while the victim
was drowning, misuse of the entry area, and improper location of the pool phone and cash
register outside the viewing area of the pool. Appellee filed a supplemental plea to the
jurisdiction based on the new allegations. No evidence was attached to that plea.

 Appellant responded to the plea by attaching several affidavits and a recorded
statement. We will recite the gist of those affidavits and the statement as they relate
directly or indirectly to the use of property. Appellant stated there was no lifeguard in the
pool area as one of the lifeguards was ordering pizza while her son was drowning, the
manager was at the cash register, and another lifeguard had left to pick up the pizza. 
Dyrel Owens stated none of the lifeguards was in the pool area while the victim was
drowning, one of the lifeguards was ordering pizza, and the manager stayed up front
talking to a girl. Tabrodrick Craddock stated that one of the lifeguards was ordering pizza
while the victim was drowning. Shawn Jackson stated he gave one of the lifeguards
permission to get a pizza. After the filing of this response, appellant filed a third amended
petition in which she alleged a failure to supervise the property. 

 A hearing was held by the trial court, but no evidence was received at the hearing. 
In making its finding, the court stated:

 . . . The fact that he's on the phone, that's what a phone is for. The fact that
he doesn't respond, there is the problem. The fact that he doesn't do it
timely and the fact that he doesn't fulfill his responsibility as a lifeguard,
that's the problem.


 He is a lifeguard. And therein lies the nexus: He did not react, he did 

 not respond, he did not go do his job. That's the problem. 

 

 I don't think it's misusing equipment, it's not responding. That'sdifferent. That's the difference to me.

 

 Furthermore, I do think that the state of the law in terms of misuse of
property in this particular case, when it comes to supervising or lack of
supervising, if there was no immunity at all, certainly you would have a phenomenal case.


 The Legislature saw fit to grant municipalities. They saw fit to grant
them immunity in order for municipalities to continue to provide swimming
pools and other things for the community; otherwise, they would go broke
and you would never have them.

 

 The Legislature decided okay we're going to grant them immunity
unless they misuse property. I don't see it in this case. I do think that their
Plea to the Jurisdiction in all of its aspects is proper. . . .


 Neither party appears to contend that findings of fact and conclusions of law were
required in this instance. We must, therefore, determine whether they could be properly
considered in the appeal of this matter. 

 Appellee did not contest the factual statements made by the persons supporting
appellant's response to the plea. (1) Instead, appellee argued that those facts constituted
at best non-use of property, which is not misuse. Appellee further asserted that what
appellant was really complaining of was a failure to supervise, convey information, or
properly locate the telephone and cash register. At the hearing, the trial court apparently
accepted as true the fact statements relayed by appellant. Thus, there was no disputed
fact issue for resolution by the court. The trial court could have merely reviewed the
pleadings of the parties without the sworn statements and arrived at the same
determination as a matter of law as to whether there was misuse of property. 

 For reasons we have stated, we do not believe that findings of fact and conclusions
of law serve a purpose in this matter or that the request for them extended the appellate
deadline. Therefore, the notice of appeal should have been filed within 30 days of the
signing of the order. As it was not, we have no jurisdiction to consider this appeal, and it
is dismissed for want of jurisdiction. 

 John T. Boyd

 Chief Justice

Publish.
1. Neither did appellant contest the factual statements in the deposition testimony and
affidavit proffered by appellee, although appellant amended her petition to address the
alleged deficiencies claimed by appellee.



ve you not?
[Defendant]: Yes, sir.
 
The trial court then read both allegations contained in the State’s motion to which Appellant
entered pleas of not true.
          The State’s first witness, a community supervision officer, testified that he had seen
Appellant once in his office and that the department director was actually supervising
Appellant’s case. Two other witnesses testified about the alleged violations of the
conditions of community supervision. The State then rested and requested the trial court
to take judicial notice of the file in cause number 10,844 and the order deferring
adjudication contained in the file reflecting Appellant’s and his defense counsel’s initials
on each and every condition of community supervision. The trial court took judicial notice
without objection.
          Appellant immediately moved for an instructed verdict on the basis of lack of
testimony or fingerprint evidence to show he was the same person that was placed on
deferred adjudication community supervision as alleged in the State’s motion. The motion
was overruled.
          The record shows that the same judge who placed Appellant on community
supervision on November 19, 2007, revoked community supervision just four months later.
In the colloquy at the commencement of the hearing, Appellant, by his own admission
identified himself as the defendant in cause number 10,844. He did not make identity an
issue until after the State rested. 
          This case is very similar to Kent v. State, 809 S.W.2d 664 (Tex.App.–Amarillo 1991,
pet. ref’d). In Kent, the same judge who placed the defendant on probation later revoked
probation and took judicial notice of the file and previous hearings. Id. at 666. The
defendant moved for dismissal arguing that the State had failed to prove he was the same
person who was placed on probation. Id. The appellate court found that the defendant
identified himself at the commencement of the revocation hearing by acknowledging the
contents of the State’s motion to revoke and by announcing ready. See id. See also
Adkison v. State, 762 S.W.2d 255, 261 (Tex.App.–Beaumont 1988, pet. ref’d). 
          In this case, Appellant went a step further in identifying himself by acknowledging
his true name was Nicholas Heath Newton when questioned by the trial court. We
conclude the trial court did not abuse its discretion in determining the State had
established, by at least a preponderance of the evidence, that Appellant was the individual
originally placed on community supervision in cause number 10,844. We further conclude
the trial court did not abuse its discretion in denying his motion for instructed verdict based
on lack of proof of identity and in revoking Appellant’s community supervision. Point of
error one is overruled. 
          Having overruled both points of error, the trial court’s judgment is affirmed.


                                                                           Patrick A. Pirtle

                                                                                 Justice







Do not publish.