In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00038-CR
______________________________


DEWAYNE ANTOIN ANDERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 31112-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            On April 23, 2004, DeWayne Antoin Anderson was convicted of tampering with physical
evidence


 and placed on community supervision for two years. Approximately two months later, on
June 24, 2004, the State filed its original application to revoke Anderson's community supervision. 
After twice amending its application, on January 13, 2005, the State proceeded to a hearing on
allegations of evading detention, failure to pay fees, failure to perform the required community
service, and failure to submit to a substance abuse program.


 The trial court found the State's
allegations to be true and sentenced Anderson to two years in the Institutional Division of the Texas
Department of Criminal Justice. 
            Anderson does not challenge the sufficiency of the evidence to sustain the trial court's
judgment. Instead, he presents to this Court one point of error, contending the trial court "abuse[d]
it's [sic] discretion in revoking [his] probation following [his] objection that the State had failed to
prove he was the same DeWayne Anderson who was on probation in this cause." We overrule his
contention and affirm the trial court's judgment.
Anderson's Exchange with the Trial Court
            At the hearing on the State's application to revoke, the following exchange occurred at the
beginning of the proceeding between the trial court and Anderson:
THE COURT:This is 31,112-A. This case is styled the State
of Texas versus Dewayne Anderson. What says the State of Texas?
 
THE STATE:State's ready, Your Honor.
 
THE COURT:What says the defendant?
 
DEFENSE:Defense is ready, Your Honor.
 
THE COURT:Mr. Anderson, I show that on April 23, 2004
you received a two-year sentence probated for two years for the offense of tampering
with physical evidence; is that correct?
 
MR. ANDERSON:Yes, sir.
 
THE COURT:Before the Court today as I understand it is a
second amended application for revocation for probation filed I believe January 11,
2005. Have you gone over that second amended application with your attorney?
 
MR. ANDERSON:Yes, sir.
 
THE COURT:Do you understand the allegations against you
in that second amended application?
 
MR. ANDERSON:Yes, sir.
            The State then called Officer John Villasenor of the Longview Police Department to testify
regarding the evasion of detention allegations. It then called Gregg County community supervision
officer Rachel Goree to testify concerning the allegations of other violations of the terms of
Anderson's community supervision. Dave Hiles, also of the Gregg County Community Supervision
Department, testified regarding Anderson's inability to provide a specimen for urine analysis
November 10, 2004. Finally, George Jones, III, of the Sabine Valley Substance Abuse Division
Mental Health Mental Retardation, testified regarding Anderson's initial evaluation and his
subsequent failure to return to the treatment center. 
            After the evidence was closed, defense counsel argued that the State failed to prove the
identity of the person who was placed on community supervision for tampering with evidence in
cause number 31,112-A.


 
Anderson's Own Admissions Establish Identity
            At a revocation hearing, the State must prove the defendant is the same individual as is
reflected in the judgment and order of probation. Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim.
App. 1993). Anderson contends the State failed to do so here.
            The Amarillo court heard a similar contention on similar facts, holding that, in the following
exchange between the trial court and the defendant, the defendant sufficiently identified himself as
the probationer:
THE COURT:The Court is calling for trial Cause No. 200, on the
State's Motion to Revoke Probation filed at 4:54 p.m. on April 12, 1990, styled the
State of Texas v. Donald Lee Kent. Are you Donald Lee Kent?
 
DEFENDANT: Yes, sir.
 
THE COURT:Is the State ready on the State's Motion to Revoke
Probation?
 
MR. CARPER: The State is ready.
 
THE COURT:Is the Defense ready?
 
MR. GREEN:Defense is ready.
 
THE COURT:Mr. Kent, are you familiar with the contentions of the
State's Motion to Revoke your probation?
 
DEFENDANT: Yes, sir.
 
THE COURT:Counsel, as counsel for the defendant, have you had
adequate opportunity to fully review the motion and acquaint yourself with the
matters therein?
 
MR. GREEN:I have, Your Honor.
 
THE COURT:Mr. Kent, are you ready to proceed with this hearing?
 
DEFENDANT:Yes, sir.
Kent v. State, 809 S.W.2d 664, 666 (Tex. App.—Amarillo 1991, pet. ref'd). The court then
concluded that, "by his own admission, appellant, without making his identity an issue, identified
himself as the defendant in . . . the proceedings which were at issue in the revocation of probation
hearing, and of which the court took judicial knowledge." Id.
            Here, the record contains no direct, unequivocal testimony from the community supervision
officers that Anderson was the same person who was convicted of and granted community
supervision for the offense of tampering with evidence. Goree, who it would appear had more
personal contact with Anderson, testified that she knew Anderson and that he was an individual she
was supervising. Similarly, Hiles also testified he knew Anderson, having accompanied Anderson
to observe the urine analysis specimen. Although neither Goree nor Hiles specifically identified
Anderson as the person on community supervision with whom each was familiar, neither testified
that the DeWayne Anderson present at the hearing was not the DeWayne Anderson who was on
community supervision. 
            More convincing, however, is Anderson's initial exchange with the trial court. In that
exchange and in his own words, Anderson affirmatively identified himself as the individual who had
been convicted of and placed on two years of community supervision for tampering with evidence
on April 23, 2004. See id.; see also Batiste v. State, 530 S.W.2d 588, 589 (Tex. Crim. App. 1975);
Pettit v. State, 662 S.W.2d 427, 429 (Tex. App.—Corpus Christi 1983, pet. ref'd). Anderson's
admission that he was the person on community supervision in the matter leaves no question as to
proper identity. We add that Anderson also pled "not true" to the allegations in the State's
application to revoke. See Riera v. State, 662 S.W.2d 606, 607 (Tex. Crim App. 1984).
            The State need not prove what the defendant has admitted. See Bryant v. State, No.
PD-672-04, 2005 Tex. Crim. App. LEXIS 517, at *12–13 n.20 (Tex. Crim App. Apr. 6, 2005) (citing
United States v. Branch, 46 F.3d 440, 442 (5th Cir. 1995)). The record sufficiently establishes that
Anderson is the individual who was placed on community supervision April 23, 2004, for tampering
with physical evidence. 
            We overrule Anderson's point of error and affirm the trial court's judgment revoking his
community supervision.
 
                                                                        Jack Carter
                                                                        Justice

Submitted:      August 30, 2005
Decided:         August 31, 2005

Do Not Publish