**Opinion filed October 9, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00306-CR

_____

## TRAVIS EDWARD ANDERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR20959**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the revocation of Travis Edward Anderson's deferred adjudication community supervision in a habitual felony offender case. We affirm.

The grand jury indicted Appellant for three counts of aggravated assault with a deadly weapon. Appellant pleaded no contest, and the trial court placed him on deferred adjudication community supervision for a term of ten years.

Subsequently, the State filed a motion to adjudicate and alleged that Appellant had violated the terms of his community supervision when he committed the offense of driving while intoxicated and the offense of assault on a public servant. The trial court found the State's allegations to be true, revoked Appellant's community supervision, and assessed Appellant's punishment at confinement for a term of thirty-five years.

Appellant presents two issues for our review. In his first issue, Appellant argues that he received ineffective assistance of counsel when his lawyer failed to object to proceeding with the revocation hearing. He maintains that his lawyer should have objected because the State had not filed a motion to adjudicate in the appropriate case. Appellant specifically argues that the State's motion was numbered "20959," instead of "CR20959," and, thus, that the State failed to file a motion to adjudicate in the appropriate cause number. Appellant also argues that his trial counsel was deficient because trial counsel failed to move for a finding of "not true" to the State's allegations when the State failed to prove that Appellant was the "Travis Edward Anderson" who was on probation in Cause No. CR20959.

The State argues that Appellant's claims regarding ineffective assistance of counsel are extremely technical and that Appellant's counsel focused on more substantive arguments instead. The State contends that defense counsel performed well within the wide range of reasonable professional assistance to make a strategic decision to focus on the more substantive arguments than the technical arguments. The State also argues that, while an objection to the cause number would have caused a temporary delay, the State could have refiled the motion with the corrected cause number and the exact same allegations. The State asserts that the strategic decision to focus on a substantive defense rather than a delaying tactic is within the wide range of reasonable professional assistance. As to the issue of identity, the State contends that there was sufficient evidence that Appellant was

2

the same "Travis Edward Anderson" that was on probation because Judge Stephen Ellis presided over both the plea proceeding and the hearing on the motion to adjudicate. Further, when Judge Ellis questioned Appellant on the record, Appellant admitted the issue of identity.

We agree with the State's arguments. In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether he has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Generally, the record on direct appeal will not be sufficient to show that trial counsel's performance was so lacking as to overcome the presumption of reasonable conduct. *Id.* at 813–14.

Here, as the State points out, even if Appellant's counsel had moved to quash the motion to adjudicate based on the fact that the motion was missing "CR" in front of the cause number and even if the court had granted that motion, the State could have refiled the motion or possibly amended the motion with the same

allegations. Regardless of the fact that "CR" was missing from the number of the case that appeared on the motion, it actually was filed in the appropriate case. Appellant does not argue that he was surprised by the motion, nor does the record show that there was any confusion as to the fact that a motion to adjudicate had been filed against him. We cannot say that Appellant has shown that there is a reasonable probability that the result of his case would have been different but for defense counsel's failure to object to the cause number on the motion to adjudicate. *See, e.g.*, *Fields v. State*, No. 04-95-00325-CR, 1996 WL 382988, at *1 (Tex. App.—San Antonio July 10, 1996, no pet.) (not designated for publication) (holding that trial court did not err when it denied the motion to quash because defendant presented no evidence to prove the clerical error in the cause number prevented him from preparing his defense).

As to the issue of identity, we find that, under the circumstances of this case, the court could have found that Appellant was the same individual that was on community supervision for three counts of aggravated assault with a deadly weapon at the time the State rested its case. Although the State did not present any direct evidence on whether Appellant was the same individual on community supervision, Judge Ellis presided over the original case and sentenced Appellant to community supervision for a term of ten years. Judge Ellis also presided over the bifurcated hearing on the motion to adjudicate.

In addition, the following exchange occurred between Judge Ellis and Appellant during the hearing on the motion to adjudicate:

> THE COURT: Next case is Case No. CR20959, the State of Texas versus Travis Edward Anderson.
>
> What says the State?
>
> [PROSECUTOR]: Ready, Your Honor.

4

THE COURT: And the Defense?

[DEFENSE COUNSEL]: We're ready, Your Honor.

THE COURT: Are you Travis Edward Anderson?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Anderson, you were indicted for the offense of aggravated assault with a deadly weapon, three counts, a repeat offender allegation was added to the indictment, as well as a habitual offender allegation.

And then back in January of 2011, you waived your right to a jury trial. Later you appeared and pled no contest to the allegations, pled true to the enhancement allegations, 10 years deferred adjudication was given.

So, it appears to me that since that time you have been on deferred adjudication.

Now, there's been a Motion to Adjudicate filed seeking to adjudicate you. And that's what we're here on today. Is that correct?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: All right. So, then, Mr. Anderson -- December 2011, is that the operative motion, or is there another one?

[DEFENSE COUNSEL]: That's the only one I'm aware of.

THE COURT: Okay. So, that one alleges that on or about the 14th of December of 2011 in Brown County, Texas, that you committed the offense of assault on a public servant. And then the other allegation is that on or about that same date, in Brown County, Texas, that you committed the offense of driving while intoxicated.

5

So, you've got those two allegations occurring when you're allegedly still on probation. That's the allegation against you.

Do you understand that, Mr. Anderson?

THE DEFENDANT: Yes, sir.

*Kent* involved a proceeding to revoke the appellant's probation. *Kent v. State*, 809 S.W.2d 664, 665 (Tex. App.—Amarillo 1991, pet. ref'd). There, the appellant identified himself as being the defendant in the original case under the same cause number as the revocation proceeding. *Id.* at 666. The appellant also identified himself as being the person who was the subject of the revocation proceeding. *Id.* The same trial judge heard both the original proceeding and the revocation and took judicial notice of the court's file. *Id.* After the trial court revoked the appellant's probation, the appellant claimed on appeal that the State had failed to prove identity. *Id.* The Seventh Court of Appeals rejected that argument and affirmed the revocation. *Id.* at 666–68. *But see Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (holding that, even though the court is not required to take judicial notice of the judgment and order of probation, "[t]he State must prove at a revocation hearing that the defendant is the same individual as is reflected in the judgment and order of probation[ ] and that the individual violated a term of probation as alleged in the motion to revoke."). Although the State did not present any evidence regarding whether Appellant was the same person that the trial court had placed on community supervision, we find that Appellant's interaction with the trial court regarding the proceedings and the fact that the same trial judge presided over both proceedings was sufficient for the trial court to have found by a preponderance of the evidence that Appellant was the same person. Thus, by the time the State rested its case, any motion for a finding of "not true" by defense counsel, based on the argument that the State failed to

6

prove that Appellant was the "Travis Edward Anderson" on community supervision, would have been futile. Therefore, Appellant has failed to show that his counsel's performance fell below an objective standard of reasonableness.

Moreover, the record shows that Appellant's counsel presented several substantive arguments in order to persuade the court to find the allegations against Appellant to be "not true." For example, counsel elicited testimony that Appellant was not under the influence of alcohol or an illegal drug but was, instead, under the influence of prescription drugs that had been prescribed to him and that he regularly took those drugs for several medical issues. Counsel argued that the officers who stopped Appellant were not aware of how Appellant normally acted, that Appellant had medical issues and took medication for those issues, and that his community supervision officer knew about those issues. Defense counsel also argued that, based on the evidence that Appellant was flopping around on the floor in the hospital when he kicked the officer, the court could reasonably conclude that Appellant did not intentionally assault a public servant but, instead, kicked her by accident. We disagree that Appellant received ineffective assistance of counsel, and we overrule his first issue.

During the punishment phase of his trial, Appellant asked the trial court to allow him to fire his lawyer; the trial court denied that motion. In his second issue, Appellant claims that the trial court erred when it denied the motion. The claim is that the trial court's ruling resulted in the continued ineffective representation of Appellant by defense counsel as discussed in his first issue. Because we have held that Appellant has not shown that his counsel was ineffective under the two-prong test in *Strickland*, we cannot say that the trial court erred when it denied his motion to withdraw. We also note that, in connection with his ineffective assistance claims, Appellant actually raised different claims on appeal than those he urged to

the trial court when he asked the trial court to grant his motion to withdraw and to appoint new counsel.

At the punishment phase, defense counsel told the trial court that the defense was not ready to proceed because Appellant was not satisfied with his representation and that Appellant wanted counsel to withdraw. Counsel told the court that he did not have a written motion to withdraw. The court allowed him to present an oral motion and allowed Appellant to state on the record why he believed counsel had not represented him adequately. Appellant told the trial court that he had only met with counsel once in nine months and that it was only for ten or fifteen minutes. He said that he did not feel like they had enough time together to prepare for trial. He also felt that counsel should have presented certain evidence in the first part of the hearing on the motion to adjudicate that counsel did not present. Defense counsel disagreed with Appellant, to some extent, and told the court:

> I did the things I felt were appropriate and necessary. I would not say that I met with him frequently. I have met with him at the jail, at the courthouse, and we have corresponded on a number of occasions, but with regard to the trial strategy, there is one matter that Mr. Anderson would have liked for me to pursue and I did not.

Defense counsel did agree that there was a conflict between Appellant and him, and he told the trial court that the conflict made it difficult, if not impossible, for him to go forward with the case. The trial court asked Appellant why the court was just now, on September 13, hearing about Appellant's complaints regarding counsel's representation when the initial hearing was held on July 2. Appellant responded that he had written the court a letter. The trial court denied the motion to withdraw without further discussion.

We review a trial court's denial of a motion to withdraw for an abuse of discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). In general,

personality conflicts and disagreements concerning trial strategy are not valid grounds for withdrawal. *Id.*

Here, the record shows that Appellant complained of defense counsel's representation leading up to the first hearing on the motion to adjudicate, namely that counsel did not spend enough time with him preparing the case. Appellant did not make any specific arguments as to his counsel's performance between the date of the first hearing in July and the punishment hearing in September. Furthermore, Appellant did not notify the trial court at the hearing in July that he was dissatisfied with his counsel's performance leading up to the hearing. The first time Appellant notified the court that he was dissatisfied with his counsel's performance was on August 15, when he sent a letter to the trial court. Appellant did not file his motion requesting the court to release counsel until two days before the punishment hearing. Based on Appellant's delay in complaining about counsel's performance and on the fact that his complaints were generally based on strategic decisions, we cannot say that the trial court abused its discretion when it denied Appellant's motion to withdraw. We overrule Appellant's second issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


October 9, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9