**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00301-CR**
_____

**EX PARTE HERBERT E. DISHMAN III**

**On Appeal from the County Court at Law No. 2**
**Jefferson County, Texas**
**Trial Cause No. 316272**

**MEMORANDUM OPINION**

This is an interlocutory appeal of the trial court's denial of Herbert E. Dishman III's ("Herbert") application for pretrial writ of habeas corpus. *See* Tex. R. App. P. 31. The State charged Herbert by information with the Class A misdemeanor offense of unlawful installation of a tracking device. *See* Tex. Penal Code Ann. § 16.06 (West 2011). After an evidentiary hearing, the trial court denied Herbert's application for pretrial writ of habeas corpus, and this appeal ensued. We affirm the trial court's order.

1

## Factual Background

Herbert was married to Miranda Dishman ("Miranda"). Herbert alleges they purchased a 2014 Mazda SUV during the marriage which he claims was community property. Herbert and Miranda became estranged in November of 2016 and subsequently filed for divorce. The trial judge in the divorce proceeding entered the final decree of divorce in July 2017, with the vehicle at issue reportedly awarded to Miranda in the divorce.

The probable cause affidavit prepared by Jefferson County Sheriff's Detective Daniel Powell stated that on September 13, 2017, Miranda Dishman filed a report with their office regarding the unlawful installation of a tracking device on her vehicle. The affidavit further explained that Miranda reported the dashboard lights on her 2014 Mazda SUV began to flicker on August 7, 2017. She brought the vehicle to an auto dealership and a mechanic located a "Brinkhouse Security Vehicle GPS Devi[c]e" under the dashboard. Per the affidavit, Miranda suspects Herbert is responsible for placing the device in her vehicle, as he had reportedly done so before.

Miranda also advised law enforcement she received an anonymous text message indicating Herbert and his employee, Tyler Griffin, placed a tracking device on her car, and it was linked to their cell phones. Detective Powell unplugged the device and took it into possession for evidence purposes. Miranda represented to the

2

detective that she was the only registered owner of the vehicle. Additionally, the affidavit noted Miranda and Herbert resided in separate homes since November 2016.[1] In the probable cause affidavit, Powell stated his investigation revealed that on two occasions, Herbert purchased a tracking device and attached it to Miranda's vehicle without her consent or knowledge. Powell's affidavit indicated he had text messages and pictures which show Herbert had Tyler follow Miranda.

**Procedural Background**

Herbert was subsequently charged by information with the Class A misdemeanor offense of unlawful installation of a tracking device. In his application for pretrial writ of habeas corpus, Herbert argues: (1) he was illegally confined and restrained;[2] (2) the charge in the case violated his right of equal protection under the Texas and United States Constitutions in that the State unlawfully treated his guaranteed community property rights as inferior to the community property rights of his spouse at the time of the alleged offense; and (3) the language of Texas Penal Code section 16.06 is unconstitutionally vague with respect to the term "owner" and,

---

[1] The probable cause affidavit listed the separation as occurring in November 2017; however, the State alleges in its brief that this is a typographical error, and the date should be November 2016.

[2] Although asserted in Herbert's application for pretrial writ of habeas corpus, it is not a substantive argument advanced on appeal, and the record is devoid of any details of the conditions of his bond.

therefore, violates his right to due process, equal protection, and his right to a fair trial under the Texas and United States Constitutions. *See* U.S. CONST. amend. XIV; Tex. Const. art. I, §§ 3, 19; Tex. Penal Code Ann. § 16.06.

In the State's response to Herbert's application for pretrial writ of habeas corpus, the State argues he was not illegally confined as he was released on reasonable bond. The State further asserts that an as-applied constitutional challenge may not be resolved pretrial because it necessarily requires development of specific case facts to show how the statute is being applied to the defendant. Finally, the State counters that Texas Penal Code section 16.06 is constitutional and not overly vague.

The trial court held an evidentiary hearing on the application for pretrial writ of habeas corpus. At the hearing, Herbert essentially argued that because the car was purchased during the marriage, it was community property and he is also an owner of the vehicle. Herbert's divorce attorney testified at the hearing and opined that title ownership of the vehicle was irrelevant to a legal division of the community property estate. Because the automobile was acquired during the marriage, it is legally considered community property, with an ownership interest in both spouses. The divorce attorney testified Herbert had joint ownership of the vehicle until the date of the divorce decree. The trial court took judicial notice of the divorce decree.

During the hearing, the State contended Herbert was making an as-applied constitutional challenge, which is not appropriate for pretrial habeas relief. The State also argued Herbert was attempting to assert an affirmative defense to the criminal charges under Texas Penal Code section 2.04, which is an issue that should be submitted to a jury. *See* Tex. Penal Code Ann. § 2.04 (West 2011).

In a supplemental response filed after the date of the hearing, the State discounted the community property argument and argues there is no such affirmative defense or exception to the tracking device statute allowed for in section 16.06(d) or (e).[3] The State also opposes Herbert's assertion that a "right to privacy" does not exist in a marriage—countering there is no exception to the right of privacy between spouses. Instead, the State argues that the installation of a tracking device on an estranged spouse's vehicle is a "clear violation of her unalienable right to privacy." Herbert maintains there can be no expectation of privacy by members of a family in a family-owned community property vehicle. The trial court denied the application for pretrial writ of habeas corpus.

---

[3] In support of this argument, the State pointed to two cases. *See Miller v. Talley Dunn Gallery, LLC*, No. 05-15-00444-CV, 2016 WL 836775, at \*11 (Tex. App.—Dallas Mar. 3, 2016, no pet.) (mem. op.) ("Nothing in chapter 33 of the penal code incorporates community property law for the purpose of establishing ownership of [a] computer."); *Kent v. State*, 809 S.W.2d 664, 667–68 (Tex. App.—Amarillo 1991, pet. ref'd) (upholding revocation of husband's probation for wiretapping and intercepting his wife's calls in violation of Texas Penal Code section 16.02(b)).

In this interlocutory appeal, Herbert complains the trial court abused its discretion by denying his application for pretrial writ of habeas corpus. In support of this issue, Herbert advances two arguments in his interlocutory appeal: (1) the vehicle was community property and Texas Penal Code section 16.06 is unconstitutionally vague; and (2) the charges made by the State violate his equal protection and due process rights under the Texas Constitution and United States Constitution by treating his community property rights as inferior to those of Miranda. *See* U.S. CONST. amend. XIV; Tex. Const. art. I, §§ 3, 19; Tex. Penal Code Ann. § 16.06.

**Standard of Review**

When reviewing a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and will uphold the ruling absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 319, 324 (Tex. Crim. App. 2006); *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd) (citing *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.)). A trial court does not abuse its discretion unless the act was "arbitrary or unreasonable" or "without reference to any guiding rules and principles[.]" *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (citations omitted). When determining if a trial court has abused

6

its discretion, we look at whether its decision "falls outside the zone of reasonable disagreement." *See Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). However, whether a statute is facially unconstitutional is a question of law we review *de novo*. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

**Analysis**

"Because an interlocutory appeal is an extraordinary remedy, appellate courts have been careful 'to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage.'" *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (quoting *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005)); *see also Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017). "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Pretrial habeas is "reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Id.* at 620; *see also Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016).

Courts have held pretrial habeas is "generally not available to test the sufficiency of the charging instrument or to construe the meaning and application of

7

the statute defining the offense charged."[4] *Perry*, 483 S.W.3d at 895 (citing *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010)). While pretrial habeas can be utilized to assert a facial constitutional challenge to a statute, it is not allowed to urge an as-applied constitutional challenge to a statute. *Id.* (citing *Ellis*, 309 S.W.3d at 79); *see Weise*, 55 S.W.3d at 618. A facial challenge is one that can only succeed if it is shown the law is unconstitutionally vague in all its applications. *Ellis*, 309 S.W.3d at 79–80. Moreover, when the resolution of a claim may be aided by the development of a record at trial, pretrial habeas is unavailable. *Perry*, 483 S.W.3d at 895; *Doster*, 303 S.W.3d at 724. If a defendant characterizes a challenge as facial, but it is in fact an as-applied challenge, we will refuse to consider the merits of the claim. *See Ellis*, 309 S.W.3d at 80. We address cognizability as a threshold issue. *Id.* at 79; *Paxton*, 493 S.W.3d at 298.

Herbert argues in his application for pretrial writ of habeas corpus that "the charge *in this case*" violates his right to equal protection because his community property rights are being treated as inferior to the community property rights of his complainant spouse. (Emphasis added.) This directly attacks the sufficiency of the

---

[4] The exception to testing the sufficiency of the charging instrument or indictment by pretrial habeas is when the face of the charging instrument shows the prosecution is barred by limitations. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) (citations omitted).

8

charging instrument. Such an attack on the sufficiency of the charge is not available by pretrial writ of habeas corpus. *See Perry*, 483 S.W.3d at 895; *Ellis*, 309 S.W.3d at 79.

Moreover, Herbert's constitutional claim is not that the statute is unconstitutionally vague in all its applications. *See Ellis*, 309 S.W.3d at 80. He does not assert the statute can never be applied where it would not be considered overly vague. The crux of his argument is that because he had a community property ownership interest in the vehicle when the tracking device was allegedly installed, the statute is unconstitutionally vague as it applies to him. Therefore, it is an as-applied constitutional challenge and not cognizable as a claim for pretrial habeas relief. *See Perry*, 483 S.W.3d at 895; *Ellis*, 309 S.W.3d at 79; *Weise*, 55 S.W.3d at 618.

Herbert specifically contends Penal Code section 16.06 is unconstitutionally vague because "there is no way that he can determine from the language of the Statute [] whether the term owner is that defined" by Texas Penal Code section 1.07(a)(35) or Texas Transportation Code section 541.001(2). *See* Tex. Penal Code Ann. § 1.07(a)(35)(A) (West Supp. 2018), § 16.06; Tex. Transp. Code Ann. § 541.001(2), (19) (West 2011). This argument lacks merit. While section 16.06 of the Penal Code indicates "[m]otor vehicle" has the definition assigned by section

9

501.002 of the Transportation Code, there is no incorporation of or reference to the Transportation Code to define "owned." *See* Tex. Penal Code Ann. § 16.06(a)(2), (b); Tex. Transp. Code Ann. § 501.002(17) (West Supp. 2018). Nevertheless, the Texas Penal Code provides the definition of "[o]wner" in section 1.07, which is a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor[.]" *See* Tex. Penal Code Ann. § 1.07(a)(35)(A), § 16.06(a), (b). "Owner[,]" as defined by statute, "has been held *not* to be constitutionally vague." *Freeman v. State*, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986) (citing *Ex parte Davis*, 542 S.W.2d 192, 196 (Tex. Crim. App. 1976)).

While Herbert focuses on the community property aspect of ownership under the Texas Family Code rather than that provided by the Texas Penal Code, the determination of questions such as who had possession of the vehicle and who had the superior right of possession are fact-driven inquiries. *See* Tex. Penal Code Ann. § 1.07(a)(35)(A), § 16.06. Because Herbert's claims for relief are dependent on facts not present in the record before us and would be aided by the development of a record at trial, we conclude his claim for pretrial habeas relief is not cognizable for this reason as well. *See Perry*, 483 S.W.3d at 895; *Doster*, 303 S.W.3d at 724.

## Conclusion

The trial court did not abuse its discretion in denying Herbert's pretrial application for writ of habeas corpus as Herbert failed to present a cognizable claim for pretrial habeas relief. We overrule Herbert's issue and affirm the trial court's order denying the application for pretrial writ of habeas corpus.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 13, 2018
Opinion Delivered December 12, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ

11