NO. 07-08-0136-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 14, 2008

_____

NICHOLAS HEATH NEWTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,844; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Nicholas Heath Newton, plead guilty to possession of a controlled substance over 200 grams but less than 400 grams and was granted deferred adjudication on November 19, 2007. Upon the State's motion to proceed with an adjudication of guilt based on violations of the terms and conditions of community supervision, Appellant entered pleas of not true to the State's allegations. On March 19, 2008, the trial court

heard evidence and adjudicated Appellant guilty of the charged offense. Punishment was assessed at thirty years confinement.

By two points of error, Appellant challenges the trial court's order adjudicating him guilty.[1] He maintains (1) the trial court erred in denying his motion for instructed verdict because the State failed to prove that he was the same individual who had been placed on community supervision on November 19, 2007, in cause number 10,844 and (2) the evidence is factually insufficient to prove his identity.

**Standard of Review**

When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding the State bears the burden to prove its allegations by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

---

[1]Effective June 15, 2007, the Legislature amended article 42.12, § 5(b) of the Texas Code of Criminal Procedure to permit an appeal from the trial court's determination to adjudicate guilt in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008).

## Factual Sufficiency

Initially, we address the propriety of Appellant's factual sufficiency challenge raised by his second point of error. The trial court holds very broad discretion over community supervision, its revocation, and its modification. Tex. Code Crim. Proc. Ann. art. 42.12, § 21 (Vernon Supp. 2008). Considering the administrative nature of a revocation proceeding and the trial court's broad discretion, the general standards for reviewing factual sufficiency do not apply. *See Pierce v. State*, 113 S.W.3d 431, 436 (Tex.App.–Texarkana 2003, pet. ref'd). *See also Becker v. State*, 33 S.W.3d 64, 66 (Tex.App.–El Paso 2000, no pet.). If the greater weight of credible evidence creates a reasonable belief a defendant has violated a condition of his or her community supervision, then the trial court's order of revocation is not an abuse of discretion and must be upheld. *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Crim.App. 1974). A factual sufficiency review alone would effectively attenuate the trial judge's discretion because it is already a part of our abuse of discretion review. *See Allbright v. State*, 13 S.W.3d 817, 818 (Tex.App.–Fort Worth 2000, pet. ref'd). Point of error two is overruled.

## Denial of Motion for Instructed Verdict

In asserting the State failed to meet its burden of proof and that his motion for instructed verdict should have been granted, Appellant contends there is no testimony from anyone who was present when he was placed on community supervision nor any fingerprint evidence to establish his identity. We disagree.

At a revocation hearing, the State is obligated to establish the defendant's identity by a preponderance of the evidence. *Cobb*, 851 S.W.2d at 874. In this case, the following colloquy occurred at the commencement of the hearing on the State's motion to adjudicate:

> Court: All right, this is Cause No. 10,844, The State of Texas versus Nicholas Heath Newton. Is the State ready?
>
> [Prosecutor]: State's ready, Your Honor.
>
> [Defense counsel]: Yes, Your Honor, we're ready.
>
> Court: All right. Sir, would you stand up for me?
>
> [Defendant]: Yes, sir.
>
> Court: Is your true name Nicholas Heath Newton?
>
> [Defendant]: Yes, sir.
>
> Court: Mr. Newton, we're here today on a motion filed by the State which is a motion to proceed with the adjudication of guilt. You've been served with that motion, have you not?
>
> [Defendant]: Yes, sir.

The trial court then read both allegations contained in the State's motion to which Appellant entered pleas of not true.

The State's first witness, a community supervision officer, testified that he had seen Appellant once in his office and that the department director was actually supervising Appellant's case. Two other witnesses testified about the alleged violations of the conditions of community supervision. The State then rested and requested the trial court to take judicial notice of the file in cause number 10,844 and the order deferring adjudication contained in the file reflecting Appellant's and his defense counsel's initials on each and every condition of community supervision. The trial court took judicial notice without objection.

Appellant immediately moved for an instructed verdict on the basis of lack of testimony or fingerprint evidence to show he was the same person that was placed on deferred adjudication community supervision as alleged in the State's motion. The motion was overruled.

The record shows that the same judge who placed Appellant on community supervision on November 19, 2007, revoked community supervision just four months later. In the colloquy at the commencement of the hearing, Appellant, by his own admission identified himself as the defendant in cause number 10,844. He did not make identity an issue until after the State rested.

This case is very similar to *Kent v. State*, 809 S.W.2d 664 (Tex.App.–Amarillo 1991, pet. ref'd). In *Kent*, the same judge who placed the defendant on probation later revoked probation and took judicial notice of the file and previous hearings. *Id*. at 666. The

defendant moved for dismissal arguing that the State had failed to prove he was the same person who was placed on probation. *Id.* The appellate court found that the defendant identified himself at the commencement of the revocation hearing by acknowledging the contents of the State's motion to revoke and by announcing ready. *See id.* *See also Adkison v. State*, 762 S.W.2d 255, 261 (Tex.App.–Beaumont 1988, pet. ref'd).

In this case, Appellant went a step further in identifying himself by acknowledging his true name was Nicholas Heath Newton when questioned by the trial court. We conclude the trial court did not abuse its discretion in determining the State had established, by at least a preponderance of the evidence, that Appellant was the individual originally placed on community supervision in cause number 10,844. We further conclude the trial court did not abuse its discretion in denying his motion for instructed verdict based on lack of proof of identity and in revoking Appellant's community supervision. Point of error one is overruled.

Having overruled both points of error, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.