NO. 07-08-0136-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 14, 2008

______________________________


NICHOLAS HEATH NEWTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,844; HONORABLE DAN MIKE BIRD, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Nicholas Heath Newton, plead guilty to possession of a controlled
substance over 200 grams but less than 400 grams and was granted deferred adjudication
on November 19, 2007. Upon the State’s motion to proceed with an adjudication of guilt
based on violations of the terms and conditions of community supervision, Appellant
entered pleas of not true to the State’s allegations. On March 19, 2008, the trial court
heard evidence and adjudicated Appellant guilty of the charged offense. Punishment was
assessed at thirty years confinement.
          By two points of error, Appellant challenges the trial court’s order adjudicating him
guilty.


 He maintains (1) the trial court erred in denying his motion for instructed verdict
because the State failed to prove that he was the same individual who had been placed
on community supervision on November 19, 2007, in cause number 10,844 and (2) the
evidence is factually insufficient to prove his identity. 
Standard of Review
          When reviewing an order revoking community supervision imposed under an order
of deferred adjudication, the sole question before this Court is whether the trial court
abused its discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006);
Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645
S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding the State bears the
burden to prove its allegations by a preponderance of the evidence. Cobb v. State, 851
S.W.2d 871, 874 (Tex.Crim.App. 1993). In determining the sufficiency of the evidence to
sustain a revocation, we view the evidence in the light most favorable to the trial court's
ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). 
Factual Sufficiency
          Initially, we address the propriety of Appellant’s factual sufficiency challenge raised
by his second point of error. The trial court holds very broad discretion over community
supervision, its revocation, and its modification. Tex. Code Crim. Proc. Ann. art. 42.12, §
21 (Vernon Supp. 2008). Considering the administrative nature of a revocation proceeding
and the trial court’s broad discretion, the general standards for reviewing factual sufficiency
do not apply. See Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.–Texarkana 2003, pet.
ref’d). See also Becker v. State, 33 S.W.3d 64, 66 (Tex.App.–El Paso 2000, no pet.). If
the greater weight of credible evidence creates a reasonable belief a defendant has
violated a condition of his or her community supervision, then the trial court’s order of
revocation is not an abuse of discretion and must be upheld. Scamardo v. State, 517
S.W.2d 293, 298 (Tex.Crim.App. 1974). A factual sufficiency review alone would
effectively attenuate the trial judge’s discretion because it is already a part of our abuse of
discretion review. See Allbright v. State, 13 S.W.3d 817, 818 (Tex.App.–Fort Worth 2000,
pet. ref’d). Point of error two is overruled.
 

Denial of Motion for Instructed Verdict 
          In asserting the State failed to meet its burden of proof and that his motion for
instructed verdict should have been granted, Appellant contends there is no testimony from
anyone who was present when he was placed on community supervision nor any
fingerprint evidence to establish his identity. We disagree.
          At a revocation hearing, the State is obligated to establish the defendant’s identity
by a preponderance of the evidence. Cobb, 851 S.W.2d at 874. In this case, the following
colloquy occurred at the commencement of the hearing on the State’s motion to adjudicate:
Court: All right, this is Cause No. 10,844, The State of Texas versus
Nicholas Heath Newton. Is the State ready?
[Prosecutor]: State’s ready, Your Honor.
[Defense counsel]: Yes, Your Honor, we’re ready.
Court: All right. Sir, would you stand up for me?
[Defendant]: Yes, sir.
Court: Is your true name Nicholas Heath Newton?
[Defendant]: Yes, sir.
Court: Mr. Newton, we’re here today on a motion filed by the State which is
a motion to proceed with the adjudication of guilt. You’ve been served with
that motion, have you not?
[Defendant]: Yes, sir.
 
The trial court then read both allegations contained in the State’s motion to which Appellant
entered pleas of not true.
          The State’s first witness, a community supervision officer, testified that he had seen
Appellant once in his office and that the department director was actually supervising
Appellant’s case. Two other witnesses testified about the alleged violations of the
conditions of community supervision. The State then rested and requested the trial court
to take judicial notice of the file in cause number 10,844 and the order deferring
adjudication contained in the file reflecting Appellant’s and his defense counsel’s initials
on each and every condition of community supervision. The trial court took judicial notice
without objection.
          Appellant immediately moved for an instructed verdict on the basis of lack of
testimony or fingerprint evidence to show he was the same person that was placed on
deferred adjudication community supervision as alleged in the State’s motion. The motion
was overruled.
          The record shows that the same judge who placed Appellant on community
supervision on November 19, 2007, revoked community supervision just four months later.
In the colloquy at the commencement of the hearing, Appellant, by his own admission
identified himself as the defendant in cause number 10,844. He did not make identity an
issue until after the State rested. 
          This case is very similar to Kent v. State, 809 S.W.2d 664 (Tex.App.–Amarillo 1991,
pet. ref’d). In Kent, the same judge who placed the defendant on probation later revoked
probation and took judicial notice of the file and previous hearings. Id. at 666. The
defendant moved for dismissal arguing that the State had failed to prove he was the same
person who was placed on probation. Id. The appellate court found that the defendant
identified himself at the commencement of the revocation hearing by acknowledging the
contents of the State’s motion to revoke and by announcing ready. See id. See also
Adkison v. State, 762 S.W.2d 255, 261 (Tex.App.–Beaumont 1988, pet. ref’d). 
          In this case, Appellant went a step further in identifying himself by acknowledging
his true name was Nicholas Heath Newton when questioned by the trial court. We
conclude the trial court did not abuse its discretion in determining the State had
established, by at least a preponderance of the evidence, that Appellant was the individual
originally placed on community supervision in cause number 10,844. We further conclude
the trial court did not abuse its discretion in denying his motion for instructed verdict based
on lack of proof of identity and in revoking Appellant’s community supervision. Point of
error one is overruled. 
          Having overruled both points of error, the trial court’s judgment is affirmed.


                                                                           Patrick A. Pirtle

                                                                                 Justice







Do not publish.