026·15

ORIGINAL

NO.11-12-00306-CR

COURT OF APPEALS, ELEVENTH DISTRICT OF TEXAS

EASTLAND, TEXAS

RECEIVED
IN COURT OF APPEALS
ELEVENTH DISTRICT

MAR 2 3 2015

SHERRY WILLIAMSON, CLERK
By_____Deputy

TRAVIS EDWARD ANDERSON, APPELLANT

v.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 25 2015

Abel Acosta, Clerk

STATE OF TEXAS, APPELLEE

BRIEF FOR APPELLANT

APPEALS FROM CAUSE NUMBER -CR20959

35TH JUDICIAL DISTRICT COURT OF BROWN COUNTY, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAR 25 2015

Abel Acosta, Clerk

# INDEX OF AUTHORITIES

UNITED STATES SUPREME COURT CASES

STRICKLAND v. WASHINGTON
466 U.S. 688, 104 S.CT. 2052 (1984)


TEXAS CASES

COB v. STATE
851 S.W.2d 871 (Tex.Crim.App.1993)


FEW v. STATE
230 S.W.3d 184 (Tex.Crim.App.2007)


GARNER v. STATE
545 S.W.2d 178 (Tex.Crim.App.1977)


GRAHAM v. STATE
502 S.W.2d 809 (Tex.Crim.App.1973)


HOOPER v. STATE
214 S.W.3d 9 (Tex.Crim.App.2007)


HUTCHINSON v. STATE
663 S.W. 2d 610 (Tex.Crim.App.-Houston[1st Dist.] 1984


LOPEZ v. STATE
343 S.W.3d 137 (Tex.Crim.App.2011)


McCOWAN v. STATE
739 S.W.2d 652 (Tex.App.-Beaumont 1987)


REYNAGA v. STATE
776 S.W.2d 777 (Tex.App.-Corpus Christi 1989)

[INDEX OF AUTHORITIES CONTINUED]

RIERA v. STATE
662 S.W.2d 606 (Tex.Crim.App.1984)


STEINKE v. STATE
815 S.W.3d 467(Tex.App.-Houston[1st Dist.] 2002, no pet.)


STATE v. WILLIAMS
90 S.W.3d 913 (Tex.App.-Corpus Christi 2002. no pet.)


SCHNIDT v. STATE
357 S.W. 3d 845 (Tex.App.-Eastland 2012.pet.ref'd)


VIGES v. STATE
508 S.W.2d 76 (Tex.Crim.App.1974)


 EDWARD v. STATE
463 S.W.2d (Cr.App.1971) Criminal LAw §273.2(2)


WITKOVSKY v. STATE
320 S.W.3d 425 (Tex.Crim.App.2010)


YOUNGERv. STATE
685 S.W.2d 657 (Tex.Crim.App.1985)


JACKSON v. STATE
160 S.W.3d 568 (Tex.Crim.App.2005)


FEDERAL CASES

HARRIES v. BELL
417 F.3d 613, 638

[INDEX OF AUTHORITIES CONTINUED]

BOUCHILL v. COLLINS
907 F.2d 589 (5th Cir.1990)


OTTEN v. KEARY
464 F.3d 401, 414-23 (3rd Cir.2006)


SONNIER v. QUARTERMAN
476 F.3d 349, 358 (5th Cir.2007)


ESSLINGER v. DAVIS
44 F.3d 1515, 1529-30 (11th Cir.1995)


U.S. v. McCoy
215 F.3d 102, 108 (D.C. Cir.2000)


KIMMELMAN v. MORRISON
477 U.S. 365, 385 (1986)


MOORE v. JOHNSON
194 F.3d 586 (5th Cir.1999)


RANSOM v. JOHNSON
126 F.3d 716 (5th Cir.)


KING v. PUCKETT
1 F.3d 280, 284 (5th cir.1993)


WILKERSON v. COLLINS
950 F.2d 1054, 1065 (5th Cir.1992)


DREW v. COLLINS
964 F.2d 411, 422 (5th cir.1992)

[INDEX OF AUTHORITIES CONTINUED]

McCoy v. LYNAUGH
874 F.2d 954, 964 (5th Cir.1989)


RULES OF COURT

TEXAS RULES OF APPELLATE PROCEDURE, RULE 25.2 (f)

TEXAS RULES OF APPELLATE PROCEDURE, RULE 33.1

TEXAS RULES OF APPELLATE PROCEDURE, RULE 44.2(a)


STATE STATUES

1.04 DUE COURSE OF LAW CCP.

## GROUND I.

The Appellant received ineffective assistance of counsel in the trial court in connection with the motion to adjudicate, heard on July 2, 2013 and September 13, 2012 both prior to and during the hearing on said motion in that defense counsel in the trial court failed to object, that in actuality, the State of Texas had not filed a motion to adjudicate in Cause Number-CR20959, the cause in which the Appellant was brought before the court, for possible revocation of his community supervision.

## ARGUMENT FOR GROUND ONE

Defense counsel in the trial court failed to object both prior to and during the hearings on the motion to adjudicate number "CAUSE 20959" and heard in Cause Number-CR20959, that in actuality the State of Texas had not filed a motion to adjudicate in Cause Number-CR20959, the cause in which the Appellant was brought before

5

the court for possible revocation of his community supervision. However, Texas law provides that in the contest of motion to revoke community supervision, matters of notice must be complained of at the trial court level in order to be advanced on appeal. See Younger v. State 685 S.W.2d 657 (Tex.Crim.App.1985). Still, a single egregious error can suffice to support a finding in favor of Appellant on both prongs of the test for ineffective assistance of counsel set forth in Strickland v. Washington 466 U.S. 688 104 S.CT.2052 (1984) and applicable to Texas criminal cases. See, e.g., Lopez v. State 342 S.W.3d 137(Tex.Crim.App.2011)

## PREJUDICIAL EFFECT

By failing to object at the trial court level, Appellant's counsel below created a situation in which Appellant was put to trial on a motion to revoke not on file in his case. One may only speculate as to how the State would have proceeded, had this situation had been raised. However, had it been raised, the motion here at issue ought properly to have been of no force in Appellant's case, Cause Number "CR20959". In plainer language, there would have been no motion to adjudicate upon which to proceed in "CR20959" had defense counsel below, objected to the motion numbered "20959".

Furthermore, the defense trial counsel failed to move for an immediate finding of "not true" and failed to draw the lack of evidence that Appellant was the "Travis Edward Anderson" who was on probation in CR20959, to the attention of the trial court at the close of the State's case in chief of revocation, nor at any time during the revocation hearing and subsequent punishment hearing.

As a result, the lack of evidence in the issue of identity is

6

not preserved for appellate review, when the paucity of evidence on identity ought to have resulted in findings of "not true", and in reversal of the trial court's order revoking community supervision had "true" findings been ordered. Thus, defense trial counsel's failures to object fell below a reasonable standard of competence and admit of no reasonable explanation as trial strategy. Because those errors of defense trial counsel were outcome determinative, there is a reasonable probability that absent those errors, the result of the trial would have been different. That probability is sufficient to undermine confidence in the outcome of the hearing on the motion to adjudicate in this case.

## RULES OF THE COURT'S FAILURE OF DUE
### PROCESS AND 1.04 DUE COURSE OF LAW

When faced with the prospect of revocation of community supervision, a probationer is entitled to notice in the form of a written motion, fully imforming him or her of the violations alleged. Garner v. State 545 S.W.2d 178, 179(Tex.Crim.App.1977). A copy of that motion should be served on the probationer. Graham V. State 502 S.W.2d 809, 811 (Tex.Crim.App.1973). The absence of such a motion must be complained of at the trial court level in order to be available as an appellate issue. See Younger v. State 685 S.W.2d 657, 658-659 (Tex.Crim.App.1985) [failure to complain of absence of receipt or service of the motion to revoke at the trial court level]. This is consistent with current Texas Rules of Appellate Procedure, rule 33.1, providing that to preserve error for appeal, one must object in the trial court. A plea of guilty before court in non-capital felony cases, constitutes an admission of guilt but it does

not authorize conviction when jury trial is waived; burden remains upon the State to introduce sufficient evidence to show guilt of accused and all necessary elements of offense. Edward v. State (Cr.App.1971) 463 S.W.2d 733. Criminal Law §273.2(2). Appellant had a liberty interest to be informed of the charges against him. Few v. State 230 S.W.3d 184 (Tex.Crim.App.2007) addresses the significance of cause number errors in the context of notices of appeal. In Few, the defendant was indicted in cause number 20030-D05342, and the re-indicted in cause number 2005D04727. When convicted under the 2005D04727 cause number, he filed a pro se notice of appeal under the 2003 cause number. Id. at 185-186. The State moved to dismiss the 2003 indictment, a motion the trial court granted, while signing a certification of the defendant's right to appeal in yet a third cause number, 2005D05342, and conglomeration of the first two numbers. Id. at 186. Noting the confusion of cause numbers, the court of appeals instructed the trial court to hold a hearing and clarify which case was being appealed. And, after that hearing, the trial court found that there was no notice of appeal in the actual 2005 cause in which the defendant had been convicted, namely 2005D04727. Id. Thereupon, the court of appeals dismissed Few's appeal for want of jurisdiction, noting that his notice of appeal bearing the 2003 cause number did not invoke the court's jurisdiction for an appeal of 2005D04727. Id. at 187. The Court of Criminal Appeals noted that prior to the adoption of Texas Rules of Appellate Procedure Rule 25.2(f), permitting amendment of notice of appeal at any time prior to the filing of Appellant's brief, a wrong cause number on notice of appeal could defeat the jurisdiction of a court of appeals, as in Steinke v. State 81 S.W.3d 467

8

(Tex.App.-Houston [1st Dist.] 2002, no pet.), while also noting State v. Williams 90 S.W.3d 913 (Tex.App.-Corpus Christi 2002, no pet.) in which a notice of appeal bearing the wrong cause number in its header was saved by a finding of clerical error where correct cause number appeared in its body. Few, supra, at 188, 191. The Court of Criminal Appeals ruled that the court of appeals ought not to have dismissed Few's appeal for want of jurisdiction without giving him a chance to amend his notice of appeal. Id. at 190.

### MOTIONS, NOTICE AND SIGNIFICANCE OF CAUSE NUMBERS APPLIED

Implicit in Few is a recognition of the obvious, that cause numbers have significance. In the absence of the opportunity to amend his notice of appeal found in the Texas Rules of Appellant Procedure, Rule 25.2(f), the defendant in Few would have been left to face the court of appeals dismissal of his appeal in the case here before the court began his motion to revoke hearing with an admonition from the trial court judge that a motion to adjudicate was on file "seeking to adjudicate, you [the Appellant]". 4RR3LL24-25. Yet, the lesson of Few is that absent some corrective action, the motion to adjudicate treated by the trial court as being filed in CR20959 was simply not a motion to adjudicate in that cause, that a probationer is entitled to notice in writing of the violations alleged against him or her in the case called for a hearing the result of which may be revocation of community supervision is discussed above, and clearly so. The case called by the trial court on July 2, 2012, for a revocation hearing and again on September 13, 2012, for a punishment hearing, was factually Cause Number CR20959 of the court, not cause number "20959". The Appellant's record does not reflect that a motion to adjudicate was ever filed

9

in cause number CR20959. And, unlike State v. Williams, supra cause number CR20959 does not appear anywhere in the body of the motion headed "Cause 20959" contained in the Clerk's Record of this appeal. CR 79-80. So, it would be inappropriate to declare "Cause 20959" a clerical error. Rather, as in Steinke v. State, supra, the cause number used remains, and that is not the cause number of Appellant's case. However, appellant's counsel below at no time raised the absence of a motion to adjudicate in cause number CR20959. As a result, defense counsel below failed to preserve the absence of a motion to adjudicate under cause number CR20959, for appellant review under the Younger case and Texas Rules of Appellant Procedure Rule 33.1.

## LAW REGARDING PROOF OF PROBATIONER'S IDENTITY

At a hearing in which revocation of community supervision is sought, the State bears the burden to prove the alleged violations of conditions of supervision, by a preponderance of the evidence, including the person in court in the role of defendant, is the person who was placed on community supervision. See, e.g., McCowan v. State 739 S.W.2d 652, 655 (Tex.App.-Beaumont 1987).

While at least one court of appeals has held in the past that a colloquy between the court and the defendant was sufficient to identify the defendant as the person on probation, Reynaga v. State 776 S.W.2d 777(Tex.App.-Corpus Christi 1989), the Texas Court of Appeals noted the State's burden to prove identity subsequent to Reynaga, in Cobb v. State 851 S.W.2d 871, 874 (Tex.Crim.App.1993).

In the context of revocation of community supervision, the State bears a preponderance of evidence burden of proof, review is under

10

an abuse of discretion standard, and sufficiency of the evidence is reviewed under a "light most favorable to the trila court's ruling" test. Witkovsky v. State 320 S.W.3d 425, 428-429(Tex.Crim. App.2010). If the State fails to meet its burden of proof, the trial court abuses its discretion if it revokes the community supervision. Id. at 429. Schnidt v. State 357 S.W.3d 645 (Tex.App.- Eastland 2012, p.d.r. ref'd) discussed the "light most favorable" standard in detail, noting, ..."we must review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime  beyond a reasonable doubt...When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination...Each fact need not point directly to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support conviction. Schnidt, supra, 357 S.W.3d at 850. In Hooper v.  State 214 S.W.3d 14 (Tex.Crim.App.2007), Judge Meyers of the Texas Court of Criminal Appeals, noted to correctly apply this sufficiency of the evidence standard required an understanding of "..the difference between a reasonable inference supported by the evidence at trial, specula- tion, and a presumption." While Appellant's case involves no pre- sumptions, Judge Meyers explained in Hooper, "An inference is a conclusion reached by considering other facts and deducing a logical consequence from them. Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. A con- clusion reached by speculation may not be completely unreasonable but it is not sufficiently based on facts or evidence to  support

11

a a finding beyond a reasonable doubt". Id. at 18. To preserve the issue of identity for appeal, the defendant must raise the issue in the trial court. Riera v. State 662 S.W.2d 606 (Tex.Crim.App. 1984). See Texas rules of Appellate Procedure, Rule 33.1.

## CASE HISTORY AS FACTS APPLY TO APPELLANT

Admittedly, the revocation hearing of July 2, 2012 in Appellant's case began with a colloquy with the judge of the trial court. As discussed above, at least one court of appeals has found this sufficient to establish that the person in the role of defendant at a revocation hearing is the person on probation in the case in which the hearing takes place. However, the Texas Court of Criminla Appeals has made it clear that the State bears the burden of proving by a preponderance of the evidence that the defendant in court is the probationer in the case. In view of that burden, to determine whether the trial court ought properly to have granted motion for a finding of "not true" at the close of the State's case in chief at the July 2, 2012 revocation hearing, requires an examination of the evidence as it stood at that time, In light of Cobb, the colloquy between the trial judge and the Appellant at the July 2, 2012 hearing appears to be insufficient to establish identity. While by the close of the State's case in chief at the hearing probation officer Jay Curtis, had testified that he was a Brown and Mills County probation officer, had been Travis Anderson's probation officer since March 10, 2011 and was familiar with Travis Anderson. Jay Curtis did not identify Appellant in court as the person he knew to be Travis Anderson. Nor had Jay Curtis testified that CR20959 was the cause number in which the Travis Anderson he knew was on

probation. No other testimony regarding Travis Anderson being on probation appears on the Court Reporter's Record of the July 2, 2012 hearing. The evidence on identity as it existed at the close of the state's case in chief on revocation, as opposed to the Court's colloquy with the defendant, simply lacked any evidence identifying the person filling the role of defendant in the hearing as the person on community supervision in cause number CR20959. To find that the Appellant was in fact the Travis Anderson on community supervision in that case would, at the close of the State's revocation case, have required impermissible speculation. Under Hooper, findings based on impermissible speculation are not supported by sufficient evidence. And, under Witkovsky, it is an abuse of discretion to revoke a community supervision based on such a finding. However, defense trial counsel made no motion for findings of "not true" to the allegations under consideration at the July 2, 2012 hearing when the State closed its case in chief. Instead, it was defense counsel who called Jay Curtis as a wtiness to begin the case for the defendant at the hearing. The problem with identity of probationers proof infected both allegations in the motion to adjudicate numbered 20959 which the trial court addressed in the July 2, 2012 hearing. Absent proper proof that Appellant was the "Travis Edward Anderson" who was actually on probation in cause number CR20959, the trial court abused its discretion in entering findings of "true" to the allegations at issue and in revoking Appellant's community supervision. However, the failure of defense trial counsel to timely object, let the opportunity for findings of "not true" slip away.

## LAW OF INEFFECTIVE ASSISTANCE OF COUNSEL

Standard set out in Strickland v. Washington 466 U.S.688, 686, 104 S.CT.2052 (1984)."An Appellant must meet the two-pronged test established....in Strickland....Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense". Also cited Lopez, supra, at 142. "In order to satisfy the first prong, Appellant must prove by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms." Id. "To prove prejudice, Appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different". Id. The appellate court is required to "....review the totality of the representation and the circumstances without the benefit of hindsight." Id. at 143. It must strongly presume that the defense "counsel's performance fell within the wide range of reasonable professional assistance [citation omitted]", and "counsel's deficiency must be affirmatively demonstrated in the trial record." Id. at 142.

While such a case rerely arises, "..an egregious error may satisfy the strickland prongs on its own." Lopez, supra, at 143.


## APPELLANT'S FACTS OF INEFFECTIVE ASSISTANCE OF COUNSEL

While any discussion of what course the state would have chosen, had defense counsel below protested the absence of a motion to revoke, would be speculative, the motion to adjudicate underlying the revocation and subsequent punishment hearing in this cause.

14

as illustrated by the discussion of the significance of cause numbers in few, supra, was not a motion to adjudicate in Appellant's case. That being so, the most immediate result of objection to proceeding upon the motion ought properly to have been a cessation of the motion to revoke case absent the filing of a proper motion to adjudicate. To fail or grasp such an opportunity, it is submitted, is on its face unreasonable. That failure was a failure to grasp an opportunity for success in the litigation then actively ongoing. At least in that sense, the error here complained of ought properly to undermine confidence in the outcome of the case as it proceeded below, More impactful, it is submitted, was the failure of defense trial counsel to object to the paucity of evidence that Appellant was in fact the "Travis Edward Anderson" who was the probationer in CR20959 when the State rested its case in chief of revocation at the July 2, 20112 hearing. In light of Cobb, an excellent opportunity to prevail on the merits slipped away with that omission. And, in light of Riera, the issue of sufficiency of the evidence on identity is unavailable for appellate review because of that omission. An excellent opportunity for a final outcome in favor of defendant is not something reasonable defense counsel ignores. And, had defense trial counsel made a motion for findings of "not true" or simply drawn the lack of identity evidence to the attention of the trial court in argument, the issue would have beeb preserved had the trial court none-the-less entered findings of "true". The cause number errors complained of here are, it is submitted, apparent from the Clerk's Records and from the Court Reporter's Record, without the benefit of hindsight. the totality of the

15

circumstances of the hearing of July 2, 2012 and September 13, 2012 does nothing to diminish the impact of these errors. Because of these errors, the Appellant was put to trial on a revocation hearing on a motion not properly on file in his case, Appellant's community supervision was revoked, and the Appellant received a sentence of 35 years in the Texas Department of Criminal Justice-Institutional Division, with a finding of a deadly weapon. CR146. Appellant submits that this error is precisely the sort of egregious error satisfying both prongs of the <u>Strickland</u> standard contemplated by Lopez.

## GROUND II.

The trial court errored in denying the motion to withdraw of defense trial counsel made at the sentencing hearing of September 13, 2012, in that, the said ruling resulted in the continued representation of Appellant by ineffective counsel which error was harmful.

## ARGUMENT SUPPORTING GROUND II.

While a trial court is not obligated to provide defense counsel who is agreeable to the defendant in a criminal case, cases such as <u>Strickland</u>, supra, and <u>Lopez</u>, supra, establish that a criminal defendant is entitled to effective assistance of counsel. A trial court faced with a situation in which defense counsel is not providing effective assistance of counsel, the court should substitute counsel who will do so. Here, defense trial counsel failed to provide effective assistance of counsel as discussed in the arguemnt under GROUND ONE of this brief. Further, defense trial counsel moved to withdraw, and in the hearing on that motion described what is best described as the provision of a minimal level of assistance to the

16

Appellant during the pendency of the revocation case in the trial court. Additionally, the appellate record reflects that defense trial counsel was undergoing treatment for a serious illness during the pendency of the revocation case. In the situation presented in this case, the trial judge ought to have granted the motion to withdraw presented at the September 13, 2012 hearing to ensure that the Appellant received effective assistance of counsel from that point forward. After denial of the motion to withdraw, defense counsel adduced additional evidence going to identify and failed to raise identity in his motion for New Trial and Arrest of Judgment, which he filed after the appointment of appellate counsel. The failure to preserve the issue of identity in the trial court rendered it unavailable for appellate consideration. In view of the continued deficiencies in defense trial counsel's representation, Appellant was harmed by the trial court's error as contemplated by Texas Rules of Appellate Procedure, Rule 44.2(a) in as much as it cannot be said beyond a reasonable doubt that error did not contribute to Appellant's punishment.

## FAILURE TO REMOVE INEFFECTIVE COUNSEL VIOLATES 5TH, 6TH, & 14TH AMENDMENTS

While we understand the reluctance of trial judges to interfere with the manner in which defense attorneys plan and implement their trial tactics and strategies, such judges should not hesitate to replace appointed counsel when it is unmistakably apparent that counsel is ineffective..Id.at 615. While the 5TH Amendment's Right to counsel, the 6TH Amendment guarantees the right to effective assistance of counsel in criminal prosecutions, Petitioner asserts his trial counsel, G. lee Haney, erred in neglecting to do

17

any investigation regarding Petitioner's medical history, after he was informed that Petitioner had been institutionalized for mental illness several times in the past, as cited in Bouchillon v. Collins 907 F.2d 589 (5th Cir.1990). In the Appellant's trial court reporter's record, page 66, lines 17-24 states that Appellant was prescribed a tranquilizer called "HALDON" by his psychiatrist, which the medication was later taken off the market because of the side effects of the drug had some mental patients killing neighbors and unawaringly committing other life threatening acts. The seriousness of the side effects from taking the drug "HALDON" mixed with the prescribed pills that were found in the Appellant's vehicle when arrested for D.U.I., could have well altered the Appellant's rational thinking impaired to the point of not being aware of the warning on the bottle of medication found by the arresting police officers. The Court of Criminal Appeals made clear in 2005 that a defendant may rely on evidence of mental impairment as negating the State's proof that the defendant acted with the culpable mental state required by the charged offense. Jackson v. State 160S.W.3d 568 (Tex.Crim.App.2005). But the evidence must show the lack of this mental state with some specificity. A defendant is not entitled to argue that merely because he or she was impaired, the required culpable mental state was lacking. In the court reporter's record on page 70, lines 1-25 and page 71, lines 1-8, it states that Appellant was also prescribed by a psychiatrist other mood and mind altering drugs, such as Penetothal, Ambien, Hydrocodone and Valium. It also states on pages 71, 72 and 73 of the trial reporter's record of Appellant having a series of memory loss and blackouts in the past, leaving the Appellant temporarily incoherent, not know-

18

ing when, how or where he was after an episode. To this very day, Appellant does not remember anything that happened on the day of his arrest, prior to the police officers waking up Appellant from a deep sleep in his vehicle. Then, charged and convicted of D.U.I. counsel's ineffectiveness to subpoena all character witnesses on defendant's behalf during the trial was insufficient. The Appellant also had nervous breakdowns and was hearing voices in his head. All of this should have been investigated by counsel because the outcome of sentencing would have been a much lesser conviction. Appellant's landlord, Pastor and good friend testified in court of counsel's ineffectiveness to assist Appellant. This in itself should have been a secondary ground for dismissal of counsel. See Outten v. Kearney 464 F.3d 401, 414-23 (3rd Cir.2006) (court first determined counsel's failure to introduce mitigating evidence was deficient then held failure was prejudicial); Sonnier v. Quarterman 476 F.3d 349, 358 (5th Cir.2007) (court first determined counsel's failure to investigate for mitigating evidence was deficient, then held failure was not prejudicial) ; Esslinger v. Davis 44 F.3d 1515, 1529-30 (11th Cir. 1995) (counsel's recommendation of guilty plea subjects to enhanced penalty under habitual offender statue was prejudicial because given without adequate investigation of defendant's prior criminal history); U.S. v. McCoy 215 F.3d 102, 108 (D.C.Cir.2000) (counsel's failure to correctly apply sentencing guidelines, in advising defendant to plead guilty was prejudicial because defendant would have rejected plea had he known true length of sentence). See Kimmelman v. Morrison 477 U.S. 365, 385 (1986) (counsel's failure to conduct any pretrial discovery and file timely suppression motion was prejudicial because counsel was ignorant of law and below prevailing professional norms. Counel made

19

clear they neither aquired nor reviewed redily available medical health records. See Outten II, 1997 WL855718 at 86 ("reiterating that it is undisputed trial counsel did not examine these records"). Harries v. Bell 417 F.3d 613, 638 (6th cir.2005) (counsel's failure to investigate and present mitigating evidence of defendant's mental illness was ineffective assistance). If the defense evidence suggests that defendant, despite the impairment did have the culpable mental state required for a lesser included offense of the charged crime, the jury may be charged on that lesser included offense. The jury may thus use the evidence of impairment to reduce but not to eliminate the seriousness of the defendant's criminal responsibility. See Jackson v. State 160 S.W.3d 568 (tex.Crim.App.2005). Moore v. Johnson, cites as 194 F.3d 586 (5th Cir.1999). The district noted that counsel's purported decision was neither informed by an adequate investigation nor undergirded by any logical strategic purpose. See Ransom v. Johnson 126 F.3d 716, 723 (5th Cir.). King v Puckett 1 F.3d 280, 294 (5th Cir.1993); Drew v. Collins 964 F.2d 411, 422 (5th Cir.1992);Wilkerson v. Collins 950 F.2d 1054, 1065 (5th Cir. 1990); McCoy v. Lynaugh 874 F.2d 954, 964 (5th Cir.1989). A plea of guilty before court in a non capital felony case constitutes an admission of guilt but it alone does not authorize conviction when jury trial is waived; burden remains upon the State to introduce sufficient evidence to show guilt of accused and all necessary elements of offense. Edward v. State (Cr.App.1971) 463 S.W.2d 733.

20

APPLICATION OF LAW REGARDING REMOVAL OF INEFFECTIVE COUNSEL

Ineffective assistance of Appellant's court appointed defense counsel, G.Lee Haney in the trial court in connection with the revocation of community supervision hearing addressed herein is discussed in detail above under Argument of Grouund One. That discussion is incorporated herein by references as if set forth in full. Appellant below was represented by counsel, who failed to preserve for appeal, the central issue in the case, whether Appellant was the "Travis Edward Anderson" who had been placed on community supervision in cause number CR20959. Further, defense counsel below called a witness at the revocation hearing who testified that he was the probation officer for "Travis Anderson" and that he served in that capacity since March 10, 2011. March 10, 2011 was the date community supervision began in CR20959. This occurred prior to the hearing of September 13, 2012, at which defense counsel below sought by oral motion  apparently at the behest of Appellant to withdraw. The Clerk's Record also states that defense counsel did not subpoena Appellant's psychiatrist nor did he submit a motion ofr psychological evaluation to investigate the mental history and background of the Appellant. The fact that the Appellant has been institutionalized several times in the past and suffers from P.T.S.D. should have been mentioned and verified by a professional doctor, which would explain a lot in the Appellant's defense. In the situation presented in this case, the trial judge ought to have granted the motion to withdraw presented at the september 13, 2012 hearing, to ensure that the Appellant received effective assistance of counsel from that point forward. After denial of the motion to withdraw, defense counsel adduced additional evidence going to identity and failed

21

to raise identity in his motion for New Trial and Arrest of Judgment, which he filed after he had been relieved as defense counsel and appellate counsel appointed. CR138. The failure to preserve the issue fo identity, investigate mental health history and subpoena necessary witnesses in the trial court, rendered it unavailable for appellate consideration. In view of the continued deficiencies in defense trial counsel's representation, Appellant was harmed by the trial court's error as contemplated by Texas Rules of Appellate Procedure, Rule 44.2(a) in as much as it cannot be said beyond a reasonable doubt that the error did not contribute to Appellant's punishment. Attached to the end of this brief is proof that the Appellant's counsel, G. Lee Haney was ineffective in assisting Appellant with his case. The document is a Motion To withdraw As Attorney AD Litem from another client of counsel, only seven (7) days before Appellant was denied by the court for new counsel and was later sentenced to thirty-five (35) years in the Texas Department of Criminal Justice. Counsel clearly admits to being ineffective because of his serious health issues and will not be able to effectively prepare for trial in this case. In other words, if counsel withdrew himself from one of his other client's representation because he could not effectively prepare for trial, then counsel should have withdrew from all of his client's until his health improved.

22

## PRAYER

Wherefore, premises considered, Appellant respectfully prays that this Honorable Court, hold that defense counsel in the trial court rendered appellant ineffective assistance of counsel in his handling of the motion to adjudicate at issue in his appeal, reverse the judgment of the trial court revoking Appellant's community supervision, and remand this cause to the trial court for re-hearing.

Respectfully submitted,

Travis Edward Anderson
TDCJ# 1812491
Pack 1 Unit
2400 Wallace Pack Road
Navasota, Tx 77868

## CERTIFICATE OF SERVICE

This is to certify, that on March 20, 2015, a true and correct copy of the above and foregoing document was served on the Court of Appeals, Eleventh District of Texas Eastland, Texas by hand delivery or U.S. POSTAL MAIL SERVICE

RESPECTFULLY SUBMITTED,

*Travis Edward Anderson*
TRAVIS EDWARD ANDERSON PETITIONER PRO SE

## CERTIFICATE OF SERVICE

This is to certify, that on  March 20, 2015, a true and correct copy of the above and foregoing document was served on the 35th Judicial DISTRICT Court of Brown County, Texas by hand delivery or U.S. POSTAL SERVICE.

RESPECTFULLY SUBMITTED,

*Travis Edward Anderson*
TRAVIS EDWARD ANDERSON PETITIONER PRO SE

24



In The

# Eleventh Court of Appeals

## No. 11-12-00306-CR

## TRAVIS EDWARD ANDERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 35th District Court

### Brown County, Texas

### Trial Court Cause No. CR20959

## MEMORANDUM OPINION

This is an appeal from the revocation of Travis Edward Anderson's deferred adjudication community supervision in a habitual felony offender case. We affirm.

The grand jury indicted Appellant for three counts of aggravated assault with a deadly weapon. Appellant pleaded no contest, and the trial court placed him on deferred adjudication community supervision for a term of ten years.

Subsequently, the State filed a motion to adjudicate and alleged that Appellant had violated the terms of his community supervision when he committed the offense of driving while intoxicated and the offense of assault on a public servant. The trial court found the State's allegations to be true, revoked Appellant's community supervision, and assessed Appellant's punishment at confinement for a term of thirty-five years.

Appellant presents two issues for our review. In his first issue, Appellant argues that he received ineffective assistance of counsel when his lawyer failed to object to proceeding with the revocation hearing. He maintains that his lawyer should have objected because the State had not filed a motion to adjudicate in the appropriate case. Appellant specifically argues that the State's motion was numbered "20959," instead of "CR20959," and, thus, that the State failed to file a motion to adjudicate in the appropriate cause number. Appellant also argues that his trial counsel was deficient because trial counsel failed to move for a finding of "not true" to the State's allegations when the State failed to prove that Appellant was the "Travis Edward Anderson" who was on probation in Cause No. CR20959.

The State argues that Appellant's claims regarding ineffective assistance of counsel are extremely technical and that Appellant's counsel focused on more substantive arguments instead. The State contends that defense counsel performed well within the wide range of reasonable professional assistance to make a strategic decision to focus on the more substantive arguments than the technical arguments. The State also argues that, while an objection to the cause number would have caused a temporary delay, the State could have refiled the motion with the corrected cause number and the exact same allegations. The State asserts that the strategic decision to focus on a substantive defense rather than a delaying tactic is within the wide range of reasonable professional assistance. As to the issue of identity, the State contends that there was sufficient evidence that Appellant was

2

the same "Travis Edward Anderson" that was on probation because Judge Stephen Ellis presided over both the plea proceeding and the hearing on the motion to adjudicate. Further, when Judge Ellis questioned Appellant on the record, Appellant admitted the issue of identity.

We agree with the State's arguments. In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether he has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Generally, the record on direct appeal will not be sufficient to show that trial counsel's performance was so lacking as to overcome the presumption of reasonable conduct. *Id.* at 813–14.

Here, as the State points out, even if Appellant's counsel had moved to quash the motion to adjudicate based on the fact that the motion was missing "CR" in front of the cause number and even if the court had granted that motion, the State could have refiled the motion or possibly amended the motion with the same

3

allegations. Regardless of the fact that "CR" was missing from the number of the case that appeared on the motion, it actually was filed in the appropriate case. Appellant does not argue that he was surprised by the motion, nor does the record show that there was any confusion as to the fact that a motion to adjudicate had been filed against him. We cannot say that Appellant has shown that there is a reasonable probability that the result of his case would have been different but for defense counsel's failure to object to the cause number on the motion to adjudicate. *See, e.g., Fields v. State*, No. 04-95-00325-CR, 1996 WL 382988, at *1 (Tex. App.—San Antonio July 10, 1996, no pet.) (not designated for publication) (holding that trial court did not err when it denied the motion to quash because defendant presented no evidence to prove the clerical error in the cause number prevented him from preparing his defense).

As to the issue of identity, we find that, under the circumstances of this case, the court could have found that Appellant was the same individual that was on community supervision for three counts of aggravated assault with a deadly weapon at the time the State rested its case. Although the State did not present any direct evidence on whether Appellant was the same individual on community supervision, Judge Ellis presided over the original case and sentenced Appellant to community supervision for a term of ten years. Judge Ellis also presided over the bifurcated hearing on the motion to adjudicate.

In addition, the following exchange occurred between Judge Ellis and Appellant during the hearing on the motion to adjudicate:

THE COURT: Next case is Case No. CR20959, the State of Texas versus Travis Edward Anderson.

What says the State?

[PROSECUTOR]: Ready, Your Honor.

4

THE COURT: And the Defense?

[DEFENSE COUNSEL]: We're ready, Your Honor.

THE COURT: Are you Travis Edward Anderson?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Anderson, you were indicted for the offense of aggravated assault with a deadly weapon, three counts, a repeat offender allegation was added to the indictment, as well as a habitual offender allegation.

And then back in January of 2011, you waived your right to a jury trial. Later you appeared and pled no contest to the allegations, pled true to the enhancement allegations, 10 years deferred adjudication was given.

So, it appears to me that since that time you have been on deferred adjudication.

Now, there's been a Motion to Adjudicate filed seeking to adjudicate you. And that's what we're here on today. Is that correct?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: All right. So, then, Mr. Anderson -- December 2011, is that the operative motion, or is there another one?

[DEFENSE COUNSEL]: That's the only one I'm aware of.

THE COURT: Okay. So, that one alleges that on or about the 14th of December of 2011 in Brown County, Texas, that you committed the offense of assault on a public servant. And then the other allegation is that on or about that same date, in Brown County, Texas, that you committed the offense of driving while intoxicated.

5

So, you've got those two allegations occurring when you're allegedly still on probation. That's the allegation against you.

Do you understand that, Mr. Anderson?

THE DEFENDANT: Yes, sir.

*Kent* involved a proceeding to revoke the appellant's probation. *Kent v. State*, 809 S.W.2d 664, 665 (Tex. App.—Amarillo 1991, pet. ref'd). There, the appellant identified himself as being the defendant in the original case under the same cause number as the revocation proceeding. *Id.* at 666. The appellant also identified himself as being the person who was the subject of the revocation proceeding. *Id.* The same trial judge heard both the original proceeding and the revocation and took judicial notice of the court's file. *Id.* After the trial court revoked the appellant's probation, the appellant claimed on appeal that the State had failed to prove identity. *Id.* The Seventh Court of Appeals rejected that argument and affirmed the revocation. *Id.* at 666–68. *But see Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (holding that, even though the court is not required to take judicial notice of the judgment and order of probation, "[t]he State must prove at a revocation hearing that the defendant is the same individual as is reflected in the judgment and order of probation[ ] and that the individual violated a term of probation as alleged in the motion to revoke."). Although the State did not present any evidence regarding whether Appellant was the same person that the trial court had placed on community supervision, we find that Appellant's interaction with the trial court regarding the proceedings and the fact that the same trial judge presided over both proceedings was sufficient for the trial court to have found by a preponderance of the evidence that Appellant was the same person. Thus, by the time the State rested its case, any motion for a finding of "not true" by defense counsel, based on the argument that the State failed to

6

prove that Appellant was the "Travis Edward Anderson" on community supervision, would have been futile. Therefore, Appellant has failed to show that his counsel's performance fell below an objective standard of reasonableness.

Moreover, the record shows that Appellant's counsel presented several substantive arguments in order to persuade the court to find the allegations against Appellant to be "not true." For example, counsel elicited testimony that Appellant was not under the influence of alcohol or an illegal drug but was, instead, under the influence of prescription drugs that had been prescribed to him and that he regularly took those drugs for several medical issues. Counsel argued that the officers who stopped Appellant were not aware of how Appellant normally acted, that Appellant had medical issues and took medication for those issues, and that his community supervision officer knew about those issues. Defense counsel also argued that, based on the evidence that Appellant was flopping around on the floor in the hospital when he kicked the officer, the court could reasonably conclude that Appellant did not intentionally assault a public servant but, instead, kicked her by accident. We disagree that Appellant received ineffective assistance of counsel, and we overrule his first issue.

During the punishment phase of his trial, Appellant asked the trial court to allow him to fire his lawyer; the trial court denied that motion. In his second issue, Appellant claims that the trial court erred when it denied the motion. The claim is that the trial court's ruling resulted in the continued ineffective representation of Appellant by defense counsel as discussed in his first issue. Because we have held that Appellant has not shown that his counsel was ineffective under the two-prong test in *Strickland*, we cannot say that the trial court erred when it denied his motion to withdraw. We also note that, in connection with his ineffective assistance claims, Appellant actually raised different claims on appeal than those he urged to

7

the trial court when he asked the trial court to grant his motion to withdraw and to appoint new counsel.

At the punishment phase, defense counsel told the trial court that the defense was not ready to proceed because Appellant was not satisfied with his representation and that Appellant wanted counsel to withdraw. Counsel told the court that he did not have a written motion to withdraw. The court allowed him to present an oral motion and allowed Appellant to state on the record why he believed counsel had not represented him adequately. Appellant told the trial court that he had only met with counsel once in nine months and that it was only for ten or fifteen minutes. He said that he did not feel like they had enough time together to prepare for trial. He also felt that counsel should have presented certain evidence in the first part of the hearing on the motion to adjudicate that counsel did not present. Defense counsel disagreed with Appellant, to some extent, and told the court:

> I did the things I felt were appropriate and necessary. I would not say that I met with him frequently. I have met with him at the jail, at the courthouse, and we have corresponded on a number of occasions, but with regard to the trial strategy, there is one matter that Mr. Anderson would have liked for me to pursue and I did not.

Defense counsel did agree that there was a conflict between Appellant and him, and he told the trial court that the conflict made it difficult, if not impossible, for him to go forward with the case. The trial court asked Appellant why the court was just now, on September 13, hearing about Appellant's complaints regarding counsel's representation when the initial hearing was held on July 2. Appellant responded that he had written the court a letter. The trial court denied the motion to withdraw without further discussion.

We review a trial court's denial of a motion to withdraw for an abuse of discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). In general,

8

personality conflicts and disagreements concerning trial strategy are not valid grounds for withdrawal. *Id.*

Here, the record shows that Appellant complained of defense counsel's representation leading up to the first hearing on the motion to adjudicate, namely that counsel did not spend enough time with him preparing the case. Appellant did not make any specific arguments as to his counsel's performance between the date of the first hearing in July and the punishment hearing in September. Furthermore, Appellant did not notify the trial court at the hearing in July that he was dissatisfied with his counsel's performance leading up to the hearing. The first time Appellant notified the court that he was dissatisfied with his counsel's performance was on August 15, when he sent a letter to the trial court. Appellant did not file his motion requesting the court to release counsel until two days before the punishment hearing. Based on Appellant's delay in complaining about counsel's performance and on the fact that his complaints were generally based on strategic decisions, we cannot say that the trial court abused its discretion when it denied Appellant's motion to withdraw. We overrule Appellant's second issue.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

October 9, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9

Travis Edward Anderson #1813491
Wallace Pack 1 Unit
2400 Wallace Pack Road
Navasota, Tx 77868

Legal Mail

Court of Appeals
Eleventh District of Texas
100 West Main Street, Suite 300
P.O. Box 271
Eastland, Texas 76448